## SAMUEL M. BARKER V. CHARLES K. DAVIES.

### FILED FEBRUARY 4, 1896.    No. 5997.

1. **Review: PLEADING: MOTION FOR NEW TRIAL.** By failure to
mention, in a motion for a new trial the ruling upon a
motion to make more specific and certain the averments
of a pleading, the party complaining waives his right to
have reviewed the ruling complained of.

2. **Sales: WAIVER OF STRICT PERFORMANCE: INSTRUCTIONS.**
Instructions *held* correct, which, while recognizing a de-
fendant's right to insist upon the strict performance of
the terms upon which a sale of personal property was al-
leged to have been made, nevertheless, consistently with
the evidence introduced, permitted the jury to consider
whether or not such strict performance had been waived
by the party sought to be charged.

ERROR from the district court of Merrick county.
Tried below before MARSHALL, J.

The facts are stated by the commissioner.

*Albert & Reeder* and *Norval Bros. & Lowley*, for
plaintiff in error:

A defendant has the right to insist that all of the
facts essential to the existence of a cause of action
against him and in plaintiff's favor be stated in the
petition. (*Bell v. Sherer*, 12 Neb., 409; *First
Nat. Bank of Dorchester v. Smith*, 36 Neb., 199.)

If the defendant refused to take all the hay and
straw, the plaintiff would be entitled to recover
for what was actually delivered and proper dam-
ages, if any, sustained for breach of the contract
in declining to take the rest. (*Wallingford v. Burr*,
15 Neb., 204; *Holmes v. Bailey* 16 Neb., 300;
*Jeroulds v. Brown*, 15 Atl. Rep. [N. H.], 123.)

*M. Whitmoyer* and *John Patterson, contra.*

RYAN, C.

This action was brought in the district court of Merrick county by the defendant in error to recover the purchase price of certain produce sold to, and the reasonable value of certain services performed for, the plaintiff in error. There was an answer by which there were denied the purchase and delivery of the hay and straw hereinafter referred to, and in addition, by way of counter-claim, there was alleged a payment of $96.05, as well as the existence of damages to the amount of $100, caused by the alleged failure by plaintiff in error to cut and properly put up certain hay. By reply these affirmative matters were denied. There was a judgment in favor of defendant in error for the sum of $197.82.

The first question argued involves the overruling of a motion to make more definite and certain the averments of the petition. As this ruling was not referred to in the motion for a new trial, it cannot now be considered.

In the petition it was alleged that the defendant in error had sold and delivered to plaintiff in error 100 tons of hay at the agreed price of $2 per ton, and 70 tons of straw at the same price per ton. These items were controverted by a general denial contained in the answer. In respect to the hay and straw there seems to have been but little disagreement in the evidence that this was to be baled by the plaintiff in error, and that, after this baling was done, it was to be delivered on board the cars at a designated near-by railroad siding. It also seems clear that such of the hay as was baled was delivered as agreed. There was, however, quite a large amount of hay, and all the straw, which Mr.

Barker never had baled, it would seem, because he thought it was not fit for baling. There was ample evidence from which the jury was justified in finding that Mr. Barker used the unbaled part of the hay and straw in maintaining and caring for his stock, at a place where no railroad shipment was necessary. On this branch of the case the sole point made is indicated by the second instruction asked by the plaintiff in error, which was refused by the court. This instruction was in the following language: " The plaintiff claims, among other things, $200 for 100 tons of hay which he alleges he sold and delivered to the defendant. If you find that this 100 tons of hay was a part of a larger amount, and that said 100 tons was not set apart or designated or separated from the balance of the said larger amount, and that only a part of said 100 tons was actually delivered according to the agreement, and for the amount so delivered he should be allowed $2 per ton." This instruction was properly refused, for, though the defendant in error did not load on the cars a portion of the hay, this was solely due to the fact that this hay was not baled by the other party. There was no question of a *quantum meruit* made in the case. On the part of the defendant in error the claim was that he had sold 100 tons of hay at $2 per ton. This was met by a simple denial. The proof was that $2 per ton was the agreed price. For a failure to place on board the cars no counter-claim or rebate was urged. Under these circumstances we think the following instruction, though complained of by the plaintiff in error, embodied the correct principle applicable to the evidence as submitted to the jury:

" 9. The jury is instructed that if, from the evi-

dence in this case, they believe that in the year 1889 plaintiff sold to the defendant 100 tons of hay in the stack for the agreed price of $2 per ton, and that, by the terms of sale, defendant was to bale it, and the plaintiff, after such baling, was to haul it to the railroad station and put it on board the cars, and that thereafter the defendant, on receiving returns of the sale of the hay, was to pay for it; and if the jury further from the evidence believe that by the terms of sale the 100 tons sold formed a part of 165 tons, or any greater number of tons in stack, and that the particular stacks which the defendant was to get were not identified or separated from the other stacks, then the right to select the stacks sold was in the defendant, and if he afterwards selected the stacks which he would take, by using a part thereof, or otherwise marking the stacks, so as to identify them, then the property in the stacks so selected or marked would vest in the defendant, and he would be liable to pay the plaintiff therefor at the rate of $2 per ton, although the hay was not baled by the defendant or hauled to the cars by the plaintiff.    In such case the plaintiff would not be under obligation to haul it until it was baled.    The defendant would be entitled to such time for baling as would be reasonably necessary for that purpose if no time was fixed by the terms of sale, and if a time was fixed, then such time should govern the time within which the baling was to be done.    On the other hand, if the jury from the evidence believe that defendant made a selection of only a part of the 100 tons of hay, then he would only be liable to the plaintiff for the amount selected at the agreed price."    It is unnecessary to quote the instruction given in relation to the straw, for the

principle stated therein was the same as is found in the above instruction relative to the hay.

To entitle himself to a credit of $96.05 the plaintiff in error introduced in evidence a check signed by himself for said amount, payable to the defendant in error, across which were stamped by the drawee the words: "First National Bank. Paid March 29th, 1890. Columbus, Nebraska." There was in connection with this check but little satisfactory testimony given by Mr. Barker, who admitted that it was not charged to the defendant in error in his account with him, but said that when he began to look over his papers with reference to making a defense he found this particular check marked "paid," and he believed it to have been given in payment upon account with the defendant in error, but would not swear positively that such was the case. The testimony of the defendant in error and of Alfred Davies was that this check was made by Mr. Barker upon his own motion to C. K. Davies in payment for certain property purchased of Alfred, because Alfred was then a minor, and Mr. Barker did not wish to depend upon his indorsement as evidencing the receipt of the money by Alfred upon the said check. With the conclusion reached by the jury upon consideration of this evidence we cannot interfere.

It is urged that the verdict was not sustained by sufficient evidence, but in regard to this, also, we must disagree with the plaintiff in error. There was ample evidence showing that both the hay and the straw were taken and used by the plaintiff in error, and that the condition of payments was correctly shown by the proofs offered by the defendant in error. The judgment of the district court is therefore

                                    AFFIRMED.