Bird v. Smith, &c.

---

CASE 33—PETITION EQUITY—APRIL 29.

# Bird v. Smith, &c:

APPEAL FROM WHITLEY CIRCUIT COURT.

1. JUDICIAL SALE—EXCEPTIONS—RIGHTS OF PURCHASER.—Where it is developed on exceptions to a report of sale of a tract of land, that persons who are not parties to the action in which the sale was had hold a superior title to that of the debtor, in satisfaction of whose debts the sale was had, before the purchaser can be made liable on his bid for the land, those claiming the superior title must be brought before the court, and the question of their title litigated and decided adversely to them.

J. W. ALCORN FOR APPELLANT.

1. The appellant bid on and agreed to pay for the fee simple title to the land, and having discovered before the confirmation of the sale the defect in the title, filed exceptions and asked to have the sale set aside. Under such circumstances the sale should have been set aside or the parties brought before the court and the title litigated. Farmers' Bank v. Peter, 13 Bush, 594.

R. D. HILL FOR APPELLEE.

1. Appellant filed nothing to verify or support his exceptions; they simply contain his bare statement that Lewis Adkins did not at the time of the judgment of sale, and does not now own a greater interest than a life estate in the land sold; and no evidence was produced to show the deeds covered the land, and for these reasons the sale was confirmed.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT

This is an appeal by a purchaser of land at a judicial sale from judgment overruling his exceptions, and confirming the report of the commissioner, which necessarily bound him to pay the purchase price, and accept conveyance of title. Appellee, a creditor of Lewis Adkins, brought the action in which was rendered the judgment to subject the land in question to satisfaction of his debt; and, so far as shown by the pleadings, proceedings and proof in the case, Lewis Adkins had a fee simple title to the land; but filed with exceptions to the sale was a properly authenticated deed showing the legal title of the land to have been in Polly Adkins at time of her death, and consequently now in her heirs at law. The deed was executed by Fayette Hewitt, auditor of public accounts, in consideration of $18.50, amount of taxes; and there is nothing to show it was ineffectual to pass to the grantee absolute title to the land, for it appears to have been executed, delivered and recorded regularly, and in pursuance of the statute; and, although there was by it conveyed as much as 300 acres, and the description is not as full and precise as might have been, there is enough in the record of this case to show with reasonable certainty the land in question is embraced by that deed.

If the title of Polly Adkins had been litigated in this action, her heirs at law being parties, appellant, as purchaser, would have, according to the general rule in such cases, been bound by the judgment, and required to accept conveyance of the commissioner of the court. But they, not being parties to the action, are not bound by it, and, notwithstanding the absolute title was adjudged to be in Lewis Adkins, may hereafter sue for and recover the land from appellant. We know of no rule of equity that precludes the purchaser at a judicial sale from calling in question, and having finally adjudicated and determined title to land purchased by him, even when all the necessary parties have been brought before the court, and all the questions involved are presented by the record. Much less right or reason is there for precluding him from doing so when it appears there is an outstanding title superior to that of the defendant debtor held or claimed by another person, not made a party to the action. In our opinion, before appellant can be made liable on his bid for the land in question, the heirs at law of Polly Adkins must be brought before the court; and the question of their title, which now appears to be superior to that of Lewis Adkins, be litigated, and determined adversely to them.

The judgment is, therefore, reversed and cause remanded for proceedings consistent with this opinion.