Estate of Fitzgerald v. Union Savings Bank.

HOLCOMB, J.

I concur in the conclusion reached.

--------------------

ESTATE OF JOHN FITZGERALD ET AL. V. UNION SAVINGS BANK.

FILED JUNE 4, 1902.   No. 11,658.

Commissioner's opinion, Department No. 2.

1. **Stock Subscription:** CLAIM: CALL. A claim upon a stock subscription payable on call of the directors does not accrue within the meaning of section 262, chapter 23, Compiled Statutes, until a call is made, and then only for the amount of the call.

14

Estate of Fitzgerald v. Union Savings Bank.

2. **Estate of Decedent: Creditors' Claims: Presentment: Court: Commissioners: Form of Claim.** Creditors of an estate are not required to present their claims to the county court or to the commissioners appointed to examine claims by formal pleadings; a statement of the nature and amount of the claim in the ordinary form of an account or claim bill is sufficient.

3. —— ——: ———: ———: **Appeal: Pleading.** On appeal to the district court from an order of the county court allowing or rejecting a claim against an estate, pleadings need not be filed unless directed by the court.

4. ——: ———: ———: ———: **Issues: Trial.** Such appeal, as in all other cases, should be tried upon the same issues as those presented below.

5. **New Issue in District Court: Evidence.** Where there are no pleadings in the district court, so that it can not be known in advance of trial that either party expects to raise issues not presented below. it is proper to object to evidence offered in support of such new issues at the trial; and the evidence is properly excluded in case it clearly appears from the transcript that such issues are raised on appeal for the first time.

6. **Claim Against Estate: Assignment After Filing: In Whose Name Prosecuted.** Where a claim against an estate has been assigned after filing, it may be prosecuted in the name of the person by whom it was filed.

7. **Stockholders: Subscription: Good-Faith: Call: Necessity.** If made in good-faith for the purposes of the corporation, stockholders, when sued upon their subscription, can not question the necessity of or occasion for a call. The necessity or advisability of making it rests entirely with the directors or officers of the corporation to whom the power has been entrusted.

8. **Supplemental Answer: Leave to File: Notice.** There is no abuse of discretion in refusing leave to file a supplemental answer during the progress of a trial, where no reason appears for not making the application before trial and such application is made without notice and without tendering any proposed answer.

Error from the district court for Lancaster county. Tried below before Cornish, J. *Affirmed.*

*James Manahan* and *Thomas J. Doyle,* for plaintiffs in error.

*Genio M. Lambertson* and *Frank M. Hall, contra.*

Pound, C.

In 1886, John Fitzgerald subscribed for $10,000 of the capital stock of the Union Savings Bank, then newly organized, paying ten per cent. down and agreeing to pay the remainder "upon call of the proper officers." He died in December, 1894, before any call was made, and on September 30, 1895, the county court entered an order in the matter of his estate barring all claims not theretofore exhibited. Afterwards, on January 13, 1896, the directors made a call for 25 per cent. of all subscriptions. A claim against the estate, based upon this call, was filed in the county court on March 2, 1896. A second call, also for 25 per cent., was made on April 15, 1897; and a claim against the estate was filed accordingly on January 26, 1898. The administratrix filed written objections to these claims, alleging that they were barred by the order of September 30, 1895, that they had not been filed seasonably, and that the court had no jurisdiction to entertain them. The county court allowed each claim. Each was taken to the district court on appeal, and judgments were rendered against the estate, from which error is prosecuted; this proceeding involving the claim upon the first call, and No. 11,659, argued and submitted at the same time and upon the same briefs, involving the claim on the second call.

We are well satisfied that the claims were filed in due time under the provisions of section 262, chapter 23, Compiled Statutes, and that the general order barring claims did not affect them in any way. The portion of that section material to this case reads as follows: "If the claim of any person shall accrue or become absolute at any time after the time limited for creditors to present their claims, the person having such claim may present it to the probate court, and prove the same at any time within one year after it shall accrue or become absolute." The claims upon these calls did not accrue till the several calls were made. There was no claim upon the subscription which

could be maintained in any sort of judicial proceeding until the directors or other proper authority called for a further payment. Even then, no claim accrued for anything beyond the amount of the call. It is well settled and self evident that no action may be maintained upon a subscription payable in instalments on call of the directors unless or until there has been a proper call. *Chandler v. Siddle,* 3 Dill. [U. S. C.C.], 477; *Grosse Isle Hotel Co. v. I'Anson,* 43 N. J. Law, 442; *Braddock v. Philadelphia M. & M. R. Co.,* 45 N. J. Law, 363; *Banet v. Alton & S. R. Co.,* 13 Ill., 504; *Lamar Ins. Co. v. Moore,* 84 Ill., 575; *Bouton v. Dry Dock Co.,* 4 E. D. Smith [N. Y.], 420. If the stockholder dies, the estate takes the stock burdened with the contract to pay the amount subscribed therefor, as called; and calls, when made, are proper to be allowed as claims. *Davis v. Weed,* 44 Conn., 569. But no claim accrues against the estate until a call is made, and until that time the statutes of limitation and non-claim do not begin to run. *Priest v. Glenn,* 4 U. S. App., 478, 51 Fed. Rep., 400, 405; *Great Western Telegraph Co. v. Gray,* 122 Ill., 630, 14 N. E. Rep., 214; *Kilbreath v. Gaylord,* 34 Ohio St., 305; *Marr v. Bank of West Tennessee,* 4 Lea [Tenn.], 578; *Western R. Co. v. Avery,* 64 N. Car., 491; *Baltimore & Havre-de-Grace Turnpike Co. v. Barnes,* 6 Harr. & J. [Md.], 58; *Glenn v. Williams,* 60 Md., 93. Moreover, each call is a separate cause of action, and the statutes run against it from its date only, not from the date of prior calls. *Dorsheimer v. Glenn,* 4 U. S. App., 500, 2 C. C. A., 309, 51 Fed. Rep., 404.

Errors are assigned, also, because the claims filed in the county court are not in the form of pleadings, setting forth the facts constituting the claimant's causes of action with particularity and in detail, and because no pleadings were filed in the district court on appeal. These objections are without merit. The statute, sections 214-226, chapter 23, Compiled Statutes, provides only that the claimant "present" or "exhibit" his "claim or demand" to the court or commissioners. Creditors of an estate are not required

to present their claims in the first instance by formal pleadings. A statement of the nature and amount of the claim in the ordinary form of an account or claim bill is sufficient. Nor were pleadings necessary in the district court unless that court saw fit to require them. Section 238, chapter 23, Compiled Statutes, provides that in case of appeal from the judgment of the county court upon a claim, "the district court shall proceed to a trial and determination of the case in like manner as upon appeals brought from the judgments of justices of the peace; and such court may direct an issue to be made up between the parties when it shall be deemed necessary." Construing these two provisions together, we see no room for doubt that while the trial procedure is to be the same as upon appeal from a justice of the peace, whether there shall be pleadings is left to the discretion of the court. It is well known that the expense incident to administration of estates is always large. The evident purpose of the statute is to dispense with formalities wherever reasonably possible, in order to keep down the costs.

At the trial in the district court counsel for the estate offered to prove the character and amount of the assets of the bank when the calls were made, for the purpose of questioning the necessity and advisability of making them. They also offered to prove that the bank had subsequently gone into voluntary liquidation, in the course of which these claims had been assigned, and that they were no longer prosecuted in the name of the real parties in interest. These offers were rejected. Several grounds upon which the action of the district court may be sustained are readily apparent. In the first place, no issues as to the necessity for the call, or the interest of the bank in the claims prosecuted in its name, were raised in the county court. It is fundamental in our practice that a cause must be tried upon appeal on the same issues on which it was tried in the first instance. *Lee v. Walker*, 35 Nebr., 689, 691 and cases cited. This principle is inherent in the very nature of an appeal, which is a retrial of the cause tried

in a lower court, not of some new or different controversy.
It is well settled with respect to appeals from justices'
courts (*Lee v. Walker,* 35 Nebr., 689, 691; *Western Cornice
& Mfg. Works v. Meyer,* 55 Nebr., 440); also as to
appeals in civil actions from the county court to the dis-
trict court (*Darner v. Daggett,* 35 Nebr., 695; *Bishop v.
Stevens,* 31 Nebr., 786); as to appeals in election contests
(*Spurgin v. Thompson,* 37 Nebr., 39); and as to appeals
from the district court to this court (*Norton v. Nebraska
Loan & Trust Co.,* 40 Nebr., 394; *Smith v. Spaulding,* 40
Nebr., 339). There can be no reason why it should not
apply equally to appeals in probate proceedings. While
we ought to be very liberal in construing objections to
claims made in the county court, and ought not to apply
technical rules of pleading to informal statements, it would
be most unfortunate to make the proceedings in the county
court formal and farcical. The intent of the statute is to
require that all questions arising in the administration
of estates be settled in that court as far as possible. Par-
ties should be required to present their whole case fully
and fairly in the court of original jurisdiction. No op-
portunity should be afforded for mock contests in which
neither side develops its case in good faith, followed by a
substantial trial for the first time on appeal. We perceive
nothing in the case of *Stichter v. Cox,* 52 Nebr., 532, which
conflicts with this position. Usually, the attempt to raise
new issues on appeal is disclosed by the pleadings before
trial. In such case, objection must be made by motion
directed at the pleadings, or the point is waived. *Stichter
v. Cox, supra; First Nat. Bank v. Carson,* 48 Nebr., 763.
But in this case no pleadings were filed, and none were
required. Where there are no pleadings in the district
court, so that it can not be known in advance of trial that
either party expects to raise issues not presented below, it
is proper to object to evidence offered in support of such
new issues at the trial; and the evidence is properly ex-
cluded in case it appears from the transcript that such
issues are raised on appeal for the first time. Otherwise

the rule that the cause must be tried on the issues presented in the first instance would be deprived of all force by the mere circumstance that there were no pleadings. The claimant was entitled to presume that the estate would rely on the defenses raised in the county court. It had no reason to suppose anything else until the evidence in question was offered. As soon as the attempt was made to introduce new issues, it made prompt and explicit objection. Moreover, the evidence offered did not tend to establish any valid defenses. The claims belonged to the bank when filed. The objection is that afterwards, and while in course of prosecution, they were assigned to other persons as a result of the bank's going into voluntary liquidation. But where a claim against an estate has been assigned after filing, it may be prosecuted in the name of the person by whom it was filed. *Harman v. Harman,* 62 Nebr., 452. The evidence offered to prove that the calls were unnecessary or ill-advised was likewise inadmissible. If made in good faith for the purposes of the corporation, stockholders, when sued upon their subscription, can not question the necessity of or occasion for a call. The necessity or advisability of making it rests entirely with the directors or officers of the corporation to whom the power has been entrusted. *Chouteau Ins. Co. v. Floyd,* 74 Mo., 286; *Budd v. Multnomah Street R. Co.,* 15 Ore., 413, 15 Pac. Rep., 659; 1 Cook, Corporations, sec. 113.

Finally, error is assigned upon the refusal of the district court to grant leave for the filing of a supplemental answer setting up fraud in the voluntary liquidation of the bank, and a conspiracy to divide its assets, including the claims in question, among the other stockholders, while excluding the estate from all participation. This leave was asked during the progress of the trial, without notice and without tendering any answer. No reason whatever was shown for not making the application before trial. It would seem clear that a showing by affidavit should have been made, setting forth the existence of the facts sought to be pleaded and the reasons for so belated an application.

The Code of Civil Procedure (sec. 149) provides: "Either party may be allowed, on notice, and on such terms as to costs as the court may prescribe, to file a supplemental petition, answer or reply, alleging facts material to the case, occurring after the former petition, answer or reply." Notice must be given, and a copy of the proposed pleading should be tendered. *Havemeyer v. Paul,* 45 Nebr., 373, 378; *Killinger v. Hartman,* 21 Nebr., 297, 313. The matter rests in the discretion of the trial court. *Flagg v. Flagg,* 39 Nebr., 229, 232. Under the circumstances disclosed by the record there was no abuse of discretion in denying the application. We may say, also, that while counsel are very free with charges of fraud and wrong in the winding up of the bank, their own offers of proof show pretty conclusively that the estate has no ground of complaint. Instead of putting the creditors to the delay and expense of a receivership to collect assets, litigate the claims growing out of calls on the stock, and wind up the bank, the other stockholders paid them off, and are evidently collecting the assets for their reimbursement. Such a proceeding injures no one. The creditors of the bank are paid. The debtors of the bank are in no way prejudiced by having to pay those who discharged its liabilities rather than the bank itself.

It is recommended that the judgment be affirmed.

BARNES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.