ANNA FENNETT, Appellee, v. JOHN H. LUTZ, Executor of the
    Will of William Lutz, Appellant.

Settlement of Estate: CLAIM FOR SERVICES STATUTE: OF LIMITATIONS.
1   Where services are performed by a daughter for her father
    under an agreement that compensation shall be made from his
    estate, the statute of limitations will not begin to run until
    his death.

Same: PAST AND FUTURE SERVICES: EVIDENCE.   A promise of the
2   father that past services, which do not appear to have been
    gratuitously performed, as well as future services, shall be
    paid out of the estate, has sufficient consideration to prevent
    the running of the statute until his death.

Pleadings: SUFFICIENCY OF: MATTERS OF EVIDENCE STRICKEN OUT.
3   An allegation that plaintiff's services for which she claims
    compensation were rendered as a member of the family of de-
    ceased and without any agreement for compensation, is suffic-
    ient to permit proof of the fact that deceased provided a home
    and provisions for claimant, and it was not error to strike
    from the answer allegations of such facts.

Same: INSUFFICIENT STATEMENT TO CONSTITUTE COUNTERCLAIM.
4   An allegation simply stating that plaintiff's husband received
    from deceased during his lifetime, money and property for
    their joint benefit in excess of her claim, is insufficient to
    state a set-off or counterclaim and is demurrable.

Whole Evidence Considered:   Evidence as a whole considered and
5   held to sustain plaintiff's claim for services.

*Appeal from Buchanan District Court.—HON. A. S.
                    BLAIR, Judge.*

                TUESDAY, JANUARY 27, 1903.

    APPEAL from the allowance of a claim in favor of
plaintiff against the estate of William Lutz, deceased.
—*Affirmed.*

    *Ransier & Everett* for appellant.

    *Lake & Harmon* for appellee.

WEAVER, J.—The plaintiff's claim is for services alleged to have been rendered her father, William Lutz, in his lifetime, at his request, under an agreement or under standing that he would provide for the payment of the value of such services out of his estate. The defendant, by answer, denies the claim, and alleges that whatever services were in fact performed were rendered by her while she and her father were living together as members of one family, and further sets up by way of counterclaim an itemized account of $758 for money and articles of personal property alleged to have been furnished by William Lutz in his lifetime to plaintiff's husband, who, it is charged, "acted for himself and his said wife" in receiving such advances. The statute of limitations is also pleaded in defense of plaintiff's claim. A demurrer to the counter-cliam on the ground that it states a cause of action against the husband only, and not against the plaintiff, was sustained. Four assignments of error are argued by counsel, and these we will proceed to consider:

I. It is said the plaintiff's claim is barred by the statute of limitations. The services for which payment is claimed were rendered from February 1, 1888, to March 1, 1894. William Lutz died January 16, 1900.

1. CLAIM for services: statute of limitations.

Were nothing more than this disclosed by the record, the plea of the statute of limitations would of necessity have to be upheld. But the plaintiff claims, and there is, we think, testimony upon which the trial court was justified in finding, that, if the plaintiff performed any service for which she was entitled to compensation, such service was rendered under an agreement by which payment should be made from the father's estate. Under such an agreement the statute would not begin to run until the father's death, and the plea of the statute would be unavailing. *Riddle v. Backus*, 38 Iowa, 81; *Jilson v. Gilbert*, 26 Wis. 637 (7 Am. Rep. 100).

II.  It is next asserted that the evidence relied upon
to establish a promise by the testator to provide for plain-
tiff's payment out of his estate relates wholly to the period
after the date of plaintiff's marriage, April 3,
2.  SAME: past
and future    1893, and that so much of the claim as accrued
services: evi-
dence.        prior to that date must in any event be held
to have been barred.    We cannot agree to this proposition.
If witnesses are to be believed, Mr. Lutz on several occa-
sions expressed his appreciation of plaintiff's services, and
said that he was going to pay her, and that he had arranged
or would arrange by his will for her compensation.    To
the daughter herself, in the presence of others, as early as
1888, he said if she should come home and care for her
parents she should "be well paid" for it; and as early as
1891 or 1892 he again said to her that he had made a will
whereby she was "to have her pay for staying at home,"
and obtained her promise to remain with him.

All these promises and statements made to various
witnesses, taken together, justify the conclusion that it
was at all times his purpose to compensate the daughter
for her assistance to him, but that such payment was to be
postponed until after his death.    But even if the evidence
indicated that for the first few years of plaintiff's service
there was no agreement for her payment out of his estate,
it does not follow that the statute of limitations can be
interposed.    If the promise related to past as well as future
service,—and we think it may be so construed,—it was
sustained by sufficient consideration, and plaintiff may
enforce it.    Past services which do not appear to have
been performed as a gratuity will support a promise to
pay for them.    "The subsequent promise to pay implies
that the services were rendered upon a previous request."
See *Jilson v. Gilbert*, 26 Wis. 637 (7 Am. Rep. 100), where
the rule above stated is held applicable to a promise to
reward past services by testamentary bequest.

III. The third assignment of error is upon the ruling of the trial court in striking out a part of the second paragraph of the answer. Said paragraph or count, as it remains after eliminating the part assailed by the motion, alleges that plaintiff's services for which she demands payment were rendered as a member of the family of William Lutz, and without any agreement for compensation. The averments striken out were, in substance, that during said period William Lutz furnished plaintiff her board and clothing, and that after her marriage to Bennett he (the father) provided the house in which they made their home, and a large part of the provisions and supplies used by the family. There was no error in the ruling. If the purpose of the pleader was, as we assume, to allege that plaintiff was at that time a member of the same family with her father, serving him in that capacity, and therefore was not entitled to compensation that allegation still remains. In other words, the matters stricken out were, at most, matters of evidence only; the essential ultimate fact not being assailed by the motion or affected by the ruling thereon. And if the matter stricken out was intended as a counterclaim, it stated no fact or facts on which any allowance could be made in the executor's favor, nor could it properly be pleaded in the same count with the defense above mentioned.

*3. PLEADINGS: sufficiency of: matters of evidence stricken out.*

We see no reason, under the issues, even as they stood after the ruling complained of, why defendant would not be entitled, if able and so disposed, to prove how the parties lived together, by whom the provisions and supplies were furnished, and other relevant facts tending to make clear the real character of their relations to each other. If such testimony had been offered, we must presume it would have been admitted; but the executor saw fit to rest the case upon the testimony of the plaintiff, and

made no effort to sustain the allegations of his answer. We find nothing in the ruling of the trial court in this respect requiring a reversal.

IV.  So, also, there was no error in sustaining the demurrer to the third count of the answer.  This count alleges that in the lifetime of William Lutz the husband of plaintiff, acting for himself and wife, received from said Lutz certain property, money, and the income from certain lands, to a value in excess of the amount of any claim due the plaintiff, and asks that it be set off or allowed as a counterclaim.  While alleging that the husband "received" the moneys and property from Lutz, there is no allegation whatever to indicate whether they were received as purchases, loans, gifts, or in discharge of some obligation on the part of Lutz so to do; nor is there any allegation that the things so received have not been returned, or that there is any thing due or unpaid thereon to the executor.  The demurrer was therefore properly sustained.

*4. SAME: insufficient statement to constitute counterclaim.*

·V.  The record, as a whole, strongly tends to sustain the justice of the plaintiff's claim.  After she had arrived at her majority, and was earning an independent support away from home, she was invited to return to care for her parents, with the assurance that her services would be paid for.  She continued in this employment for six or seven years, and it is not denied that she served faithfully as housekeeper and nurse, much of the time under circumstances of much difficulty and hardship.  A will in which she received liberal recognition was afterward revoked by another which practically gave the entire estate to a son, the defendant herein.  If there was any good reason for the change in the father's attitude and purposes with reference to his daughter, it is not disclosed in the testimony.

The amount allowed the plaintiff by the district court does not appear to be excessive, and the judgment is
AFFIRMEI