WILL CAPROON, APPELLEE, v. HAYDEN W. MITCHELL,
APPELLANT.

FILED NOVEMBER 22, 1906.   No. 14,494.

1. **Appeal: REVIEW.** An order overruling a motion to strike from a
petition will not be reviewed on appeal when not assigned as
error in the motion for a new trial.

2. **Sales: RECOVERY OF PAYMENT.** The plaintiff purchased a horse from
the defendant, giving his note for the purchase price. The horse
was lost to the plaintiff on account of a chattel mortgage made
prior to his purchase, and his note had been transferred before
due to a good-faith purchaser. *Held*, That he might recover from
the defendant the amount of his note and interest.

APPEAL from the district court for Antelope county:
JOHN F. BOYD, JUDGE. *Affirmed.*

*E. D. Kilbourn,* for appellant.

*O. A. Williams, contra.*

DUFFIE, C.

In an action commenced in county court, Caproon
alleged that the defendant sold and delivered to him a
horse for the sum of $45, then duly paid by a promissory
note for that amount; that the horse at the time of the
sale was mortgaged to the Edwards-Bradford Lumber
Company, who thereafter took possession from the plain-
tiff, and that the horse was wholly lost to him. A trial
resulted in favor of the plaintiff, and defendant appealed
to the district court. The plaintiff's petition in the dis-
trict court was the same practically as that filed in the
county court, except that it contained the additional aver-
ment that the note which plaintiff had given to defendant
on the purchase of the horse "had been sold and trans-
ferred by the defendant before maturity for a valuable
consideration, to the Clearwater State Bank." In the
district court a motion was made to strike from the peti-

tion this additional averment, for the reason that it presented an issue not raised or tried in the county court. The motion to strike was overruled, and this ruling is alleged as error. An examination of the motion for a new trial discloses that the ruling of the court on this motion was not alleged as error or urged as a reason why a new trial should be granted. We cannot, therefore, consider this assignment. *Barker v. Davies,* 47 Neb. 78. The evidence taken upon the trial has not been preserved in a bill of exceptions, and we have nothing before us but the pleadings and the judgment entered. We can, therefore, only determine whether the judgment is supported by the pleadings. If the defendant was still in possession of the note given him on the purchase of the horse, the plaintiff would have a perfect defense thereto, but it was sold before maturity to a good-faith purchaser. As against this purchaser the plaintiff has no defense. He has, therefore, been damaged to the amount of his note and interest by the horse being taken from him on a prior valid claim. We discover no error in the record, and recommend an affirmance of the judgment.

JACKSON, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.