The judgment of the district court is

AFFIRMED.

ED A. WEIDEMAN, APPELLEE, v. ESTATE OF NEILS P. PETERSON, APPELLANT.

FILED MAY 17, 1935. No. 29200.

*Courtright, Sidner, Lee & Gunderson* and *William A. Robertson,* for appellant.

*Dwyer & Dwyer, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

EBERLY, J.

This action arises out of a claim against the estate of Neils P. Peterson, deceased, which, at the time of the hearing thereon in the county court, was in the following form (verification omitted):

"Estate of Neils P. Peterson, Deceased.
In Account With

| | | Dr | Cr |
|---|---|---|---|
| 1922-3 | Trip to Blair | 16 | |
| " | 2 Trips to Fremont | 24 | |
| " | 3 Trips to Kennard, Neb. | 45 | |
| 1923 | Cleaning House—Greenwood | 10 | |
| " | Nursing—Taking care of N. P. 3 wks | 150 | |
| 1931 | Trip to Fremont | 12 | |
| | | 257 | |

That said deceased promised and agreed with claimant that he would pay said claim by providing for its payment in his will which he failed to do."

To this claim the amended objections of the administrator, with the will annexed, challenged the sufficiency of the same; pleaded the four-year statute of limitations to all items thereof except the "1931 Trip to Fremont;" pleaded as an offset a note dated September 20, 1924, for the sum of $355.25, with interest at 5 per cent. due and payable "six months after date." As to which note it was alleged, "No part of which has been paid." These objections of the administrator closed with the prayer "that said claim * * * be disallowed by the court or in the alternative if the said claim be allowed in any amount to be allowed as a credit on the note hereinabove set out."

In the county court the claim was disallowed and claimant prosecuted an appeal to the district court. In that court on April 8, 1933, the claimant filed a formal petition based on the same items of services set forth in the original claim, alleging that such services were rendered at the request of deceased; and "that all of said services were performed by claimant with the expectation and under the express agreement of compensation therefor; that said deceased when called on to pay said claim stated that he did not have the money with which to pay same and promised plaintiff that he would make provision for the payment thereof in his will; that subsequently thereto he stated to

plaintiff in the year 1923 that he had made a will in which he had provided for the payment and compensation of plaintiff; that he would still need the assistance and advice of plaintiff in the future and plaintiff rendered services to him thereafter in reliance upon such statement; and plaintiff alleges that the said deceased did make a later will in which he provided for the compensation of plaintiff, but that said will was either lost or destroyed subsequent to the death of deceased. Plaintiff further states that the services rendered for and on behalf of said deceased were of the reasonable value of $257, no part of which has been paid."

To this pleading defendant filed a motion, in the alternative, that said petition be entirely stricken, or in the alternative that said petition be stricken as to certain portions designated in the motion. The overruling of this motion *in toto* by the trial court is the first error presented for our consideration.

The motion for a new trial does not specifically set out this ruling of the court as a specific ground of error, and appellee insists that this court is committed to the doctrine: "The motion for new trial must give the trial court an opportunity to correct all errors complained of. No alleged error can be considered in this court as ground for reversal unless so brought to the attention of the trial court." *Waxham v. Fink,* 86 Neb. 180.

The error presented to this court in the *Waxham* case was the refusal of the trial court to direct a verdict for the defendant on the ground of the insufficiency of the evidence. The assignments of the motion for a new trial in that case included, "the verdict is not sustained by sufficient evidence," or "the verdict is contrary to law," and were held ample to challenge the attention of the trial court to its ruling in refusing to direct a verdict for the defendant. On this ground the judgment of the trial court was reversed. However, such *Waxham* case is not an authority on the question here presented.

Section 20-1142, Comp. St. 1929, declares: "A 'new trial' is a reexamination in the same court of an issue of

fact after a verdict by a jury, report of a referee, or a decision by the court. The former verdict, report or decision shall be vacated and a new trial granted on the application of the party aggrieved, for any of the following causes, affecting materially the substantial rights of such party." This section then enumerates eight distinctive grounds for motions for new trial. Sections 20-1143 and 20-1144, Comp. St. 1929, provide when and how such application for new trial shall be made.

In *Caproon v. Mitchell,* 77 Neb. 562, this court, in an opinion by Duffie, C., announced the principle: "An order overruling a motion to strike from a petition will not be reviewed on appeal when not assigned as error in the motion for a new trial."

The case of *Barker v. Davies,* 47 Neb. 78, is cited in the *Caproon* case as an authority in support of the rule thus stated. However, in a later case, that of *Anderson v. Union Stock Yards Co.,* 84 Neb. 305, a contrary doctrine is announced. The question there involved was the action of the trial court in striking from the petition that part thereof which contained a charge of negligence by the Union Stock Yards Company in not equipping its cars with automatic couplings. The defendant insisted that this assignment of error could not be considered as it was not assigned as one of the grounds of plaintiff's motion for a new trial. This court, in an opinion by Duffie, C., evidently concurred in by Judge Good, then Commissioner but now of this court, and unanimously approved by this court, denied this contention, and held that, notwithstanding the trial court's attention was not challenged to this question in the motion for a new trial, the question was properly before this court for its consideration. On this subject, Commissioner Duffie says in part:

"There are several cases in our reports indicating, if not directly holding, that an order of the trial court in sustaining or overruling a demurrer, a motion to strike or to make more specific, or other order made relating to the pleadings must, in order to be considered by this court, be included in the motion made to the district court for a new

trial of the case. An examination of our statute relating to new trials and the constructions heretofore placed thereon in numerous cases establishes beyond any doubt the rule that orders of the district court which do not pertain to the trial of the case, such as rulings upon demurrer, motions addressed to the pleadings, and motions to dismiss, need not be called to the attention of the trial court by motion for a new trial to make them available on appeal taken to this court. *O'Donohue v. Hendrix,* 13 Neb. 255; *Farris v. State,* 46 Neb. 857; *Claflin v. American Nat. Bank,* 46 Neb. 884; *Scarborough v. Myrick,* 47 Neb. 794; *Deere, Wells & Co. v. Eagle Mfg. Co.,* 49 Neb. 385; *Hans v. State,* 50 Neb. 150; *Horton v. State,* 60 Neb. 701; *Slobodisky v. Curtis,* 58 Neb. 211, where our previous decisions are collated by Mr. Justice Norval. The latest expression of this court upon the question is found in *Walker v. Burtless,* 82 Neb. 214. The syllabus is as follows: 'If the consideration of a record of the district court does not require the examination of any issue of fact or error occurring at the trial, which could only be preserved by a bill of exceptions, a motion for a new trial is not a condition precedent to a review of that record in this court.' "

As the last authoritative pronouncement of this tribunal, we accept the foregoing statement of law as binding and controlling in the instant case. Accordingly, the rule announced in the first syllabus in *Barker v. Davies,* 47 Neb. 78, and in the first syllabus in *Caproon v. Mitchell,* 77 Neb. 562, is expressly overruled.

On the merits of the motion to strike, it may be said that in *Estate of Fitzgerald v. Union Savings Bank,* 65 Neb. 97, cited by defendant, it was noted that the then controlling statute provided only that the claimant present or exhibit his claim or demand to the (county) court, and accordingly the following rule was announced in that case: "Creditors of an estate are not required to present their claims to the county court or to the commissioners appointed to examine claims by formal pleadings; a statement of the nature and amount of the claim in the ordinary form of an account or claim bill is sufficient."

While the rule is also announced in that case that, "on appeal to the district court from an order of the county court allowing or rejecting a claim against an estate, pleadings need not be filed unless directed by the court," this was based upon the provisions of section 238 of chapter 23 of the Compiled Statutes then held to be in force, and which originally constitutes section 238 of chapter 17 of the General Statutes of Nebraska for 1873. In 1881 there was adopted an act providing for appeal from decisions of the county court in certain matters. Laws 1881, ch. 47. Section 6 of the act of 1881 now appears as section 30-1606, Comp. St. 1929.

In *Bazzo v. Wallace,* 16 Neb. 293, in reference to the effect of this act of 1881, Maxwell, J., says in part: "The act of 1881 is a complete act in itself for the regulation of appeals in all matters of probate jurisdiction, and all that is necessary to perfect an appeal in such cases is to comply with the provisions of that act." See, also, *Drexel v. Reed,* 65 Neb. 231.

These cases at least suggest that this act of 1881 operated to repeal by implication "section 238 of chapter 23." Whether this be true or not, it is to be noticed that the 1913 revision of the laws of Nebraska omits "section 238 of chapter 23." The question, therefore, now to be determined is the proper construction of sections 30-1606, 27-540, 21-1305, and 21-1306, Comp. St. 1929. Under our practice, therefore, new pleadings are filed on appeal. *Moline, Milburn & Stoddard Co. v. Hamilton,* 56 Neb. 132.

The rule stated in *Estate of Fitzgerald v. Union Savings Bank,* 65 Neb. 97, viz., "On appeal to the district court from an order of the county court allowing or rejecting a claim against an estate, pleadings need not be filed unless directed by the court," has by virtue of statutory changes been abrogated and is now not in force. Obviously the filing of a petition in the district court, now a requirement on appeal, is for the purpose of securing such amplification and elaboration of the brief and informal statement of facts permitted in the county court as will conform the pleadings to the Code provisions applicable in the district

court in cases therein commenced, without, however, departing from the rule that in an appeal substantial identity of issues must be preserved. Basically the pleading here attacked includes no more than the services set forth in the itemized account originally filed in the county court as a claim, amplified by additional allegations pertaining thereto. The scope of the motion to strike in the case now before us is such, therefore, that it cannot be sustained as an entirety. It is too broad. The rule appears to be: "A motion may properly be overruled which cannot be allowed in substantially the same terms as requested." *Fox, Canfield & Co. v. Graves,* 46 Neb. 812. See, also, *McDuffie v. Bentley,* 27 Neb. 380.

But, apart from this reason, the principles applicable to the present situation appear to be: "A case must be tried in the district court upon appeal upon the issues tried in the lower court. This does not mean that no issuable fact can be pleaded in a petition in the district court that was not alleged in the bill of particulars in the lower court. If the identity of the cause of action is preserved in the petition it is sufficient." *Jacob North & Co. v. Angelo,* 75 Neb. 381. See, also, *Swenson Bros. Co. v. Commercial State Bank,* 98 Neb. 702; *Burke v. Northrup,* 98 Neb. 849.

It is thought that the overruling of the defendant's motion to strike finds ample justification in the record.

Appellant's second contention is that, excepting as to services alleged to have been performed for decedent in 1931, claimant's cause of action was barred within four years after the cause of action accrued (Comp. St. 1929, sec. 20-206), and that section 20-216, Comp. St. 1929, provides the only manner in which such cause of action may be tolled, viz., by a written acknowledgment of an existing liability, debt or claim. The distinction between the present case and those within the purview of our statute of limitations is that in the instant case the effect of the oral agreement alleged herein is that the latter is a separate, distinct and independent contract into which the obligations of the original undertaking become only an element of its consideration. There is evidence in the record to

the effect that on September 20, 1924, deceased asked claimant to execute a note covering the amounts due the deceased by claimant. Claimant asked that the value of his services to Peterson be credited on this demand, to which the deceased replied, "I have made a will and provided for you better, because I need you in my services longer." And that claimant thereupon acceded to the proposition thus made, and in return for the agreement waived his right of present offset and executed a promissory note for $355.25. In other words, under the circumstances of this case, if the above be established by proper proof, "An oral promise to compensate one for past services by giving him a legacy is an independent and substitutionary contract to which the statute requiring a new promise to be in writing does not apply." 37 C. J. 1124. See, also, *Murtha v. Donohoo*, 149 Wis. 481,. and note under same case in 41 L. R. A. n. s. 246; *Devine v. Murphy*, 168 Mass. 249; *Davis v. Teachout's Estate*, 126 Mich. 135.

The oral promise of Peterson, the oral acceptance thereof and compliance therewith by claimant, was, in principle, determined in *Davis v. Teachout's Estate, supra*, to have constituted a binding undertaking. The language of the opinion in such *Davis* case is: "Miles (later deceased) told claimant that he had a good deal of property, and not an heir in the world, and that, if he (claimant) would wait until final disposition of his property, he (Miles) would see that he was well paid, and well paid for waiting."

In *Bennett v. Lutz*, 93 N. W. 288 (119 Ia. 215) it was held: "A promise of a father that past services of his daughter, which do not appear to have been performed as a gratuity, as well as future services, shall be paid out of his estate, has sufficient consideration, so as to prevent the running of the statute (of limitations) till his death."

The authorities above referred to sustain the conclusion that the claimant's recovery is not barred by the statute of limitations, provided, of course, that the oral contract on which he relies is finally determined to be established by the evidence. It is not to be regarded as a new promise within the meaning of that statute, but rather as a valid

"independent and substitutionary contract" and enforceable as such.

Defendant cites, in opposition to this conclusion, *Mortenson v. Knudson,* 189 Ia. 379, and *Zuhn v. Horst,* 100 Wash. 359. In the *Mortenson* case the supreme court of Iowa in no manner refers to the case of *Bennett v. Lutz, supra,* and does not overrule or qualify the doctrine therein announced. In both cases cited, in addition to other important differences as to facts, the oral contracts relied upon to support recovery were made long after the original claims to which they related had been admittedly barred by the statute of limitations. In the light of these facts it is thought that the doctrines announced in these two cases are inapplicable to the facts presented in the case now before us.

We are quite of the opinion that, in view of all the evidence surrounding the questioned transactions, direct as well as circumstantial, proper questions arise for the determination of the jury, viz.: (1) As to whether the oral contract between Peterson and claimant was made as by the latter alleged? and (2) whether the $355.25 note was actually discharged as the evidence in behalf of claimant tended to establish?

The question presented by the motion for new trial on the ground of newly discovered evidence is serious. The nature of the claim made, and the necessary limitation of proof occasioned by death leaving sealed the lips of Peterson, deceased, have necessarily increased the evidential importance of the circumstances surrounding the transactions involved. So, too, the source of the moneys by which it is claimed the promissory note of $355.25 was paid by claimant becomes important, and the facts discovered in reference to the claimed "loan," after the conclusion of the trial in the district court, are likewise important. In view of the fact that the person who approved the use of certain checks, the proceeds of which claimant claims to have been the funds which discharged the $355.25 note, was dead at the time of the trial in the district court, defendant is entitled to know the names of the makers of the

checks so used. These names were not divulged in the showing made by claimant in resistance to the motion for a new trial. The record discloses a request in writing for this information, by defendant in the trial court, and this request was not complied with by plaintiff. Neither party claims that similar testimony as to the source of these facts was given in the county court at the first trial of the case, and we infer from the record before us that the peculiar question here considered was first developed at the trial in the district court, and defendant is not properly chargeable with negligence or lack of diligence in failing to previously investigate. In short, it is thought that the showing in support of the motion for a new trial brings the case squarely within the principles announced in *Nelson v. State*, 121 Neb. 658, as follows: "If newly discovered evidence presents a material and important fact, germane to the issue in controversy, which, considered with the evidence presented on the trial, might cause a jury to take the other view, then a new trial should be granted, if diligence to secure the same has been shown." It follows that, in the denial of defendant's motion for a new trial based on newly discovered evidence, the district court erred.

The judgment of the district court is, therefore, reversed and the cause remanded for further proceedings in conformity with this opinion.

REVERSED.