ELIZA CASEY, ADMINISTRATRIX, PLAINTIFF IN ERROR, V. G. H. PEEBLES, DEFENDANT IN ERROR.

1. **Probate Law:** APPEAL. Under the act approved Feb. 28th, 1881, providing for appeals in certain cases from the decision of a county judge allowing or disallowing a claim against an estate, an appeal may be taken by filing a bond within thirty days from the date of the order appealed from.

2. **Bond on Appeal:** PRACTICE. AMENDMENT. Where the statute requires two sureties upon a bond for an appeal, and a bond containing but one is duly approved, it is not void, but may be amended. And it will be sufficient, unless objected to on the ground that it is signed by but one surety.

ERROR to the district court for Seward county. Heard below before POST, J.

*Norval Brothers*, for plaintiff in error.

*Roberts, Westover and Williams*, and *St. Clair & Anderson* for defendant in error.

MAXWELL, J.

On the 16th day of March, 1881, G. H. Peebles filed a claim of $110.00 for medical services rendered to Cornelius Casey against the estate of Cornelius Casey deceased, in the county court of Seward county, and on the 29th of June of that year said court allowed $60.00 thereon. On the 22nd of July, 1881, Peebles filed in said court an undertaking with one surety, which was duly approved, for an appeal to the district court. On the 21st of September of that year, the defendants filed a motion to dismiss the appeal for the following reasons: *First*, Because the appellant did not make his application in writing for an appeal and file the same in the county court within ten days after the entry of the decree. *Second*, Because the appeal was not taken in the time and manner provided by law, and because no lawful bond was filed. The motion was overruled, to which the defendant excepted, and in default of answer judgment was rendered in favor of Peebles for the sum of $110. The cause is brought into this court by petition in error.

The principal error relied on is in overruling the motion to dismiss the appeal. The question to be determined depends upon the construction to be given "an act providing for an appeal from the decision of the county court in certain matters," approved Feb. 28, 1881, which provides that: "In all matters of probate jurisdiction, appeals shall be allowed from any final order, judgment, or decree of the county court, to the district court, by any person against whom any such order, judgment, or decree may be made, or who may be affected thereby." Comp. Stat., chap. 20, sec. 42.

Casey v. Peebles.

Section two provides that: "All appeals shall be taken within thirty days after the decision complained of is made."

Section three provides that: "Every party so appealing shall give bond in such sum as the court shall direct, with two or more good and sufficient sureties, to be approved by the court, conditioned that the appellant will prosecute such appeal to effect without unnecessary delay, and pay all debts, damages, and costs that may be adjudged against him. The bond shall be filed within thirty days from the rendition of such decision. But an executor, administrator, guardian, or guardian *ad litem* shall not be required to enter into bond to enable him to take an appeal. If it shall appear to the court that such appeal was taken vexatiously or for delay, the court shall adjudge that the appellant shall pay the costs thereof, including an attorney's fee, to the adverse party, the court to fix the amount thereof, and said bond shall be liable therefor in cases where it is required."

The statute requires two sureties, but a bond with one surety is not void, and is sufficient unless objected to on that ground. Even if objected to, a new bond may be filed, even in the appellate court, to prevent a failure of justice. *O'Dea v. Washington Co.*, 3 Neb., 122. Where a bond is approved by the officer charged with that duty, the presumption is that the security is sufficient, and that the appellee will not be prejudiced by the failure to require more than one surety. But no objection is made in the motion on that ground. In fact the second ground of the motion is too general to be considered. A motion should distinctly point out the grounds of objection, and mere general objections cannot be considered. The statute above quoted allows thirty days in which to take an appeal, and is a complete statute in itself. It was not open to the objection of *Smails v. White*, 4 Neb., 353. *Sovereign v. The State*, 7 Id., 409. The appeal was properly taken, and the judgment is affirmed.

JUDGMENT AFFIRMED.