STATE OF MINNESOTA *ex rel.* County of Houston *vs.* C. S. FITCH.

July 5, 1883.

Highways —Appeal— Certiorari— Parties to Writ.—When an appeal, under Gen. St. 1878, *c.* 13, § 60, is taken to a justice of the peace from the denial by county commissioners of a petition to lay out a highway, the commissioners are proper parties to prosecute a writ of *certiorari* to quash the proceedings before the justice.

Same—Bond on Appeal—" Sufficient Sureties."—On such appeal the filing of a bond by the appellant is essential to the jurisdiction of the justice to proceed in it. A bond required to be with sufficient sureties must have two or more sureties.

*Certiorari,* directed to respondent, a justice of the peace of Houston county.

*C. S. Trask* and *W. H. Harries,* for relator.

*P. J. & E. H. Smalley* and *James O'Brien,* for respondent.

GILFILLAN, C. J. The board of county commissioners of the county of Houston having denied a petition for the laying out of a highway through several towns of the county, one David W. Robinson presented a petition for appeal to the respondent, a justice of the peace of the county, and also presented to him a bond for appeal, executed by himself as principal, and by another person as surety, which bond was approved by the justice, and he thereupon issued the summons required in such cases, which was properly served. On the appearance day the commissioners appeared for the purpose of moving, and moved, that the appeal be dismissed for want of jurisdiction, for that no bond had been executed and filed as required by law. The motion

was overruled. It is unnecessary to state the further proceedings, except that a verdict reversing the action of the commissioners was taken, and the county commissioners sued out this writ of *certiorari* to quash the proceedings before the justice.

The objection is made here that the county commissioners are not proper parties to prosecute the writ. As it is to be considered as prosecuted on behalf of the county, the commissioners are the proper parties to prosecute it. Gen. St. 1878, c. 13, § 60, under which the appeal was taken, provides that, upon filing the application for appeal, "and a bond executed to the supervisors of the town, or the commissioners of the county, with sufficient *sureties*, to be approved by the justice, conditioned," etc., "such justice shall issue a summons, specifying therein a time and place for the hearing," etc. The filing of the bond is a prerequisite to the right to issue the summons, as much as is the filing the application. Both must be filed before there is any jurisdiction to issue the summons, and the bond must be such as is required by the section. That requires a bond with sufficient *sureties*. The phrase "sufficient sureties" was construed, in *Blake* v. *Sherman*, 12 Minn. 305, (420,) to mean two or more sureties. The bond, having but one surety, was therefore insufficient, and the justice did not acquire jurisdiction to proceed in the appeal. All the proceedings before him, including the verdict, must be quashed.

Let judgment be entered accordingly.