LILLIAN M. JACOBS, ADMINISTRATRIX, PLAINTIFF IN ERROR, V. JOHN C. MORROW, DEFENDANT IN ERROR.

1. Appeal in Probate Matters: BOND. On an appeal from a judgment of a probate court in matters relating to an estate, where the judge approves the bond for such appeal, it will be presumed the bond conforms to the orders of such court, although they do not appear in the record.

2. Appeal not Dismissed though Bond be Defective. Where a bond for an appeal filed, within the time required by· law, has been duly approved by the proper officer, such appeal will not be dismissed although some of the formal requirements of the statute have not been complied with, if the defects can be cured by amendment or the filing of a new bond. '

3. Appeal in Probate Matters: JURISDICTION OF DISTRICT COURT. On an appeal from the judgment of a county court

overruling an exception to the account of an administrator, the district court may hear evidence and determine the validity of such claim.

4.  **Administration of Estates:**  LIABILITY OF ADMINISTRA-
    TOR.  Where the administrator of an estate who had given
    bond in the sum of $10,000, and had collected and held in his
    hands more than $12,000, was removed, and the sole surety on
    his bond appointed administrator *de bonis non; Held,* That it
    was the duty of such administrator *de bonis non* to charge him-
    self with the penalty of said bond as assets in his hands belong-
    ing to said estate.  In such case the chose in action is converted
    into a chose in possession, and is transmitted by the mere oper-
    ation of law, which is equivalent to a judgment and execution.

ERROR to the district court for Douglas county.  Tried below before NEVILLE, J.

*George W. Doane,* for plaintiff in error.

*Congdon, Clarkson & Hunt,* for defendant in error.

MAXWELL, CH. J.

In 1875, Henry Gray died intestate, and on the 27th day of February, 1875, one Jonas Gise was appointed administrator of his estate, and was ordered to give bond in the sum of $10,000, which he did, with John G. Jacobs as sole surety.

On the 31st day of August, 1876, Gise was removed as administrator, and John G. Jacobs was appointed administrator *de bonis non,* and qualified as such.

On the 20th day of January, 1881, final settlement was made of the account of Jonas Gise as administrator of Gray, and a balance of $12,730.39 was found still remaining in his hands, and for which he was accountable as such administrator.

On the first day of June, 1880, John G. Jacobs, as administrator *de bonis non* of the estate of Gray, filed his account with said estate for settlement in the county court,

to which defendant, on the 15th day of March, 1882, filed exceptions, which were heard, and on April 26, 1882, were determined by the court, and a decree entered thereon on that day.

On the 6th day of May, 1882, a notice of appeal was filed by defendant in the county court, and on the same day an undertaking in appeal was filed and approved.

On the 15th day of May, 1882, the transcript was filed in the district court.

On the 6th day of March, 1883, a motion to dismiss the appeal was filed on behalf of plaintiff in error, which was subsequently overruled, to which an exception was taken.

On the 10th day of December, 1883, the death of John G. Jacobs, appellee, was suggested by appellant, and on his motion the cause was subsequently revived against plaintiff in error as administratrix.

At the October term, 1884, the case was heard on the appeal, and a decree was entered reversing the ruling of the county judge as to one of the exceptions, and sustaining such exception, and affirming his ruling as to the others, and adjudging all the costs of the appeal against plaintiff in error, to which order sustaining such exception and also awarding all the costs against plaintiff in error, exceptions were duly noted.

1. The first question presented is the ruling of the district court on the motion to dismiss the appeal.

Section 3 of the act of 1881 provides that "Every party so appealing shall give bond in such sum as the court shall direct, with two or more good and sufficient sureties, to be approved by the court, conditioned that the appellant will prosecute such appeal to effect without unnecessary delay, and pay all debts, damages, and costs that may be adjudged against him. The bond shall be filed within thirty days from the rendition of such decision; but an executor, administrator, guardian, or guardian *ad litem* shall not be

required to enter into bond in order to enable him to appeal. If it shall appear to the court that such appeal was taken vexatiously or for delay, the court shall adjudge that the appellant shall pay the costs thereof, including an attorney's fee to the adverse party, the court to fix the amount thereof; and said bond shall be liable therefor in cases where it is required." Comp Stat., Ch. 20, sec. 44.

We find no order in the record fixing the amount in which the appellant was required to give bond; but the appellant did give bond in the sum of fifty dollars, with two sureties, that he would secure the appellee for "all debts, damages, and costs that might be adjudged against him." This bond was duly approved. Where a bond has been duly approved by the officer whose duty it was to approve the same, it will be presumed that it conformed in all respects to the requirements of such officer, and it will not be void, even though some of the formalities of the law have not been complied with, provided the bond is filed within the time fixed by statute. The appellate court may permit or require a new bond to be filed, and will not dismiss an appeal where it is possible by an amendment to correct or replace an erroneous bond. *O'Dea v. Washington Co.*, 3 Neb., 123. *Casey v. Peebles*, 13 Neb., 9. The first objection, therefore, is not well taken.

2. The second error assigned is that the court found and decreed that exception number 1 to the account of John G. Jacobs as administrator *de bonis non*, was well taken, and sustained such exception and reversed the order of the county court thereon.

This exception was as follows:

"That said administrator does not charge himself in his account as with assets received, with the amount of funds remaining in the hands of Jonas Gise upon his being removed from his trust as administrator of said estate, on whose bond said Jacobs was surety, and to whom said Jacobs is successor."

If the proceeding in the district court had been on error from the county court the objection would be well founded; but sec. 46 of chapter 20 of the Comp. Statutes provides that "When such appeal is taken the county court shall, on payment of his fees therefor, transmit to the clerk of the district court, within ten days after perfecting such appeal, a certified transcript of the record and proceedings relative to the matter appealed from." And sec. 47 of same chapter provides that "Upon the filing of such transcript in the district court that court shall be possessed of the action, and shall proceed to hear, try, and determine the same in like manner as upon appeals brought upon the judgment of the same court in civil actions."

The appeal being taken upon the account mentioned in the above exception, all matters relating to that account were transferred to the district court for its adjudication. In effect the questions relating to this account were to be tried anew in the appellate court. The district court, therefore, possessed the same power as that of the probate court in ruling on the exception named, and it was its duty to hear evidence and determine the validity of such claim and the amount thereof. *In re Raab's Estate*, 16 Ohio St., 274. The second objection, therefore, is overruled.

3. The principal objection of the plaintiff in error is to a judgment charging the administrator *de bonis non* with the amount of the penalty of the bond which he signed as surety for Gise. It is claimed there is no authority to try in this summary manner all the intricate questions which may arise upon the bond; that the proceeding is one to settle the account of Jacobs as administrator *de bonis non*, and not to inquire into his liability as a surety on a bond.

Section 318 of chapter 23 of the Compiled Statutes provides that "When an executor or administrator shall, for any of the causes mentioned in this chapter, be removed from his trust, or shall die, or his authority shall otherwise be extinguished, and a new administrator shall be appointed, such new administrator shall be the party enti-

tled to bring an action upon the bond of the former executor or administrator for any damages sustained by reason of his neglect or refusal, or the neglect or refusal of his representatives, to turn over to such new administrator, pursuant to the order or decree of the probate court, or according to law, any estate remaining unadministered."

The rule is well settled that the granting administration of an estate to one indebted to the intestate is an extinguishment of the debt. The chose in action becomes converted into a chose in possession, and is transmitted by the mere operation of law, which is equivalent to judgment and execution. The debt is thus satisfied and extinguished. The instant administration is granted, the administrator being the person to receive and to pay, is considered to have paid the debt, and as holding the amount in his hands as assets ; and the debts having once become assets no act of the parties can return them back to an obligation. *Hall v. Pratt*, 5 Ohio, 82. *Bigelow v. Bigelow*, 4 Ohio, 147. *Wankford v. Wankford*, 1 Salk., 302. *Winship v. Bass*, 12 Mass., 199. *Hays v. Jackson*, 6 Id., 149. *Stevens v. Gaylord*, 11 Id., 259.

In the last case it is said, " As soon as the debtor was appointed administrator (if he acknowledged the debt) he has actually received so much money, and is answerable for it. This is the result with respect to an executor, and the same reason applies to an administrator, as the same hand is to receive and pay and there is no ceremony to be performed in paying the debt, and no mode of doing it but by considering the money to be now in the hands of the party in his character as administrator." And the sureties on the administrator's bond were held liable for the amount as though it had been actually received; and in *Winship v. Bass* it was held that the sureties of an executor, who was a debtor to the testator at the time of his appointment, were responsible for the debt, upon the principle that it must be considered as having been actually received by the executor. See also *Marvin v. Stone*, 2 Cowin, 781. *In re Piper's Es-*

*tate*, 15 Pa. St., 533.    *Freakley v. Edward Fox*, 9 Barne-wall and Cress., 130.    *Hazelton v. Valentine*, 113 Mass., 472.    *Choate v. Arrington*, 116 Mass., 552.    *Leland v. Felton*, 1 Allen, 531.    *Mattoon v. Cowing*, 13 Gray, 387–390.    *Commonwealth v. Gould*, 118 Mass., 300.    *Ipswich Mfg. Co. v. Story*, 5 Metcalf, 310.    *Benchley v. Chapin*, 10 Cush., 173.    *Eichelberger v. Morris*, 6 Watts (Pa.), 42. *Griffith v. Chew's Ex'r.*, 8 Serg & R., 32.    *Kinney v. Ensign*, 18 Pick., 232.

Gise, the first administrator, had in his hands more than twelve thousand dollars belonging to creditors of Gray's estate.    Gise's bond was in the penal sum of $10,000, Jacobs being the sole surety thereon.    As he could not sue himself, the law treats the amount owing by him on the bond as assets in his hands for the payment of creditors of the estate.    Any other rule would permit the surety on the bond of a defaulting administrator, upon being appointed to supersede such defaulter in the administration of the estate, to defraud the creditors or heirs of the amount due upon such bond.    It was the duty, therefore, of Jacobs to charge himself with the amount of the penalty of Gise's bond and hold the same as assets in his hands for the payment of the debts of the estate.    There is no error, therefore, in the ruling of the district court.

4.    It is assigned for error that the court ordered all the costs of the appeal against the appellee, and that the same should be taxed against him individually and not as a charge against the estate.    We are unable to determine from the abstract upon what the ruling of the court was based, and are therefore unable to review the same.    If costs have been improperly taxed, the ruling on a motion to retax may be reviewed in this court.    We find no error in the record and the judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.