CHARLES H. BROWN, ADMINISTRATOR, PLAINTIFF IN ERROR, v. THE ESTATE OF JOHN G. JACOBS, DEFENDANT IN ERROR.

Administration of Estates.   B was duly appointed administrator of the estate of A, deceased; C became B's sole surety upon the administrator's bond; B was removed from his administratorship upon the complaint of C, upon the charge of squandering the estate, and C was appointed as his successor. C, upon rendering his account as administrator *de bonis non* of the estate of A, was charged with the penalty of B's bond.   C afterwards died intestate, and D was appointed administratrix of his estate.   E was appointed second administrator *de bonis non* of the estate of A.   E, as such administrator, filed his claim against the estate of C for the full amount of the penalty of the administrator's bond given by B and C, which was disallowed, and from which he appealed to the district court, where the judgment of the county court was affirmed.   Upon error to the supreme court the judgment of the district court was affirmed, and it was held that the liability of the estate of C to the sec-

ond administrator *de bonis non* of the estate of A could be fixed only upon the settlement of C's accounts as first administrator *de bonis non*; and after the allowance of all just credits his estate would be liable for the balance found due.

ERROR to the district court for Douglas county. Tried below before WAKELEY, J.

*Congdon, Clarkson & Hunt,* and *W. J. Connell,* for plaintiff in error, cited: Brandt Suretyship, Secs. 496, 532. *Stovall v. Banks,* 10 Wall., 583. *Taylor v. Hunt,* 34 Mo., 205. *Ralston v. Wood,* 15 Ill., 159. *Jacobs v. Morrow,* 21 Neb., 233.

*J. C. Cowin,* for defendant in error.

REESE, CH. J.

In January, 1875, Henry Gray, a citizen of Douglas county, died intestate. Jonas Gise was duly appointed administrator of his estate. His sole surety on the administrator's bond executed by him was John G. Jacobs, who is now deceased, and of whose estate Lillian Jacobs is the administratrix. Some time after the appointment of Gise, Jacobs, his surety, applied to the county court for his removal from his trust on the ground that he was squandering the assets of the estate. Upon a hearing of this application Gise was removed and Jacobs was appointed administrator in his stead. Upon a settlement of Gise's account it was found that he should be charged with the sum of $12,370.39 as being in his hands. This money he failed to pay over to Jacobs, his successor. Upon an account being filed by Jacobs, exceptions were taken thereto by the creditors of the estate of Gray, upon the ground that he failed to charge himself with $10,000, the penalty of Gise's bond, and on which he was sole surety, that sum being less than the amount of money found to be in Gise's hands at the time of his removal. The county

court refused to so charge him. The district court re-versed the decision of the county court, and ordered Jacobs charged with the $10,000. The judgment of the district court was affirmed by the supreme court. See *Jacobs v. Morrow*, 21 Neb.; 233. Upon the death of Jacobs, Charles H. Brown was appointed administrator *de bonis non* of the Gray estate, and, as such administrator, filed a claim against the Jacobs estate for the sum of $10,000. This claim was as follows:

"In the matter of the estate of John G. Jacobs, deceased. And now comes Charles H. Brown, 2d administrator d. b. n. of the estate of Henry Gray, deceased, and as such administrator hereby makes and presents a claim against the said estate of John G. Jacobs, deceased, for the sum of $10,000, the said sum being the amount of bond of one Jonas Gise as administrator of the estate of Henry Gray, deceased, signed by said Gise as principal and said John G. Jacobs as surety; the said bond being dated Feb. 27, 1875, and on said day was duly received and approved by said court; that upon the giving of said bond the said Gise duly qualified as such administrator, and as such he collected and received large sums of money; that subsequently he was removed from his said trust and upon the final hearing of his account as such administrator, it was by this honorable court, on the 20th day of January, 1881, duly adjudged that there was due and payable to the then administrator d. b. n. of said estate of Henry Gray, deceased, or to his successor in office, the sum of $12,370.39, no part of which sum was ever paid, and the same, with interest, is now due the undersigned as 2d administrator d. b. n., and the same to the extent of $10,000, with interest from January 20, 1881, is a valid charge against the estate of said John G. Jacobs. (Signed) C. H. Brown, Administrator d. b. n. of the estate of Henry Gray, deceased."

The claim was disallowed by the county court, when

plaintiff in error appealed to the district court.    Upon a.
hearing in that court the decision of the county court was
affirmed.    Plaintiff prosecutes error to this court.

It will be seen that the basis of plaintiff's claim is the
penalty of the bond given by Gise, and which was
charged to the account of Jacobs, and not upon a balance
found due the Gray estate from Jacobs, the administrator.
There is no charge of malfeasance or malversation against
Jacobs in his life-time, but it is claimed that the provisions
of section 318 of chapter 23, Compiled Statutes of 1887,
justifies the demand made.    That section is as follows:

"Where an executor or administrator shall, for any of
the causes mentioned in this chapter, be removed from his
trust, or shall die, or his authority shall otherwise be ex-
tinguished, and a new administrator shall be appointed,
such new administrator shall be the party entitled to bring
an action upon the bond of the former executor or admin-
istrator for any damages sustained by reason of his neglect,
or refusal, or the neglect or refusal of his representatives,
to turn over to such new administrator, pursuant to the
order or decree of the probate court, or according to law,
any estate remaining unadministered."

We are unable to see that this section furnishes the
authority contended for.    It is true that the new admin-
istrator is the proper party to the suits named in the sec-
tion, and it is also true that plaintiff was the proper party
to present claims against the estate of his predecessor;
but the question here is, is the claim set out in the state-
ment a proper claim to be filed?    We think not.    Suppose
the $10,000 charged to Jacobs—and which he did not re-
ceive—had been all the charges made against him—no
money or property coming into his hands—could it be
claimed that the proper charges of administration could not
have been deducted from it before he could be called upon
to pay over to a successor the assets in his hands?    We
think not.    The bond of Gise was paid and extinguished

upon Jacobs being charged with the amount of its penalty. The Gray estate had no further interest in it.   The $10,-000 *in money* was charged to Jacobs, the same as though it had been received from any other source.   Had any other person than Jacobs been the surety upon Gise's bond, it would have been his duty to have collected the penalty by suit, and when so collected the money arising therefrom would have been subjected to no charges whatever different from other funds of the estate.   But as he was the sole surety, his liability was fixed, and he was chargeable with the amount named in the bond the same as though he had actually been paid the money.   The liability of Jacobs to the estate, therefore, is limited to the amount with which he was legally chargeable, less credits and legal disbursements, the balance to be ascertained upon a settlement in the proper tribunal.

The judgment of the district court must, therefore, be affirmed, which is done.

JUDGMENT AFFIRMED.

THE other judges concur.