MARTIN KAZDA V. STATE OF NEBRASKA.

FILED NOVEMBER 4, 1897.   No. 9379.

Recognizance: APPEAL FROM POLICE COURT. A recognizance on an appeal from a police magistrate is invalid where the court before which the prisoner is to appear is not designated, and its giving confers upon the appellate court no jurisdiction to try the cause.

ERROR from the district court for Johnson county. Tried below before STULL, J.   Reversed.

M. B. C. True, for plaintiff in error.

C. J. Smyth, Attorney General, and Ed P. Smith, Deputy Attorney General, for the state.

NORVAL, J.

The defendant below, Martin Kazda, was convicted in the police court of the city of Tecumseh for the selling

of liquors without a license, and was sentenced to pay a fine of $25. He appealed therefrom to the district court, giving for that purpose the following bond:

"STATE OF NEBRASKA, ⎱     Before me, J. S. Dins-
COUNTY OF JOHNSON. ⎰     more, Police Judge,

"CITY OF TECUMSEH, Plaintiff, ⎱   City  of  Tecumseh,
          v.         ⎰   Johnson County, Ne-
MARTIN KAZDA, Defendant.   braska.

"Whereas, on the 14th day of January, 1897, the state of Nebraska, city of Tecumseh, recovered a judgment against Martin Kazda for the unlawful selling of liquor, before me, J. S. Dinsmore, police judge of the city of Tecumseh, Johnson county, Nebraska, for the sum of twenty-five ($25) dollars and costs of suit taxed at six and 65-100 dollars, and the said defendant intends to take an appeal of said case to the district court of Johnson county. Now, therefore, I, Thomas Kazda, do promise and undertake to the said state of Nebraska and city of Tecumseh, in the sum of one hundred and twenty-five (125) dollars, that the said Martin Kazda will prosecute his appeal to effect and without unnecessary delay, and that said appellant, if judgment be adjudged against him on appeal, will satisfy such judgment and costs.

"MARTIN KAZDA.
"THOMAS KAZDA.

"Executed in my presence and security approved by me this 16th day of January, 1897.     J. S. DINSMORE,
*"Police Judge."*

A transcript of the proceedings before the police judge was lodged in the district court, and subsequently the defendant moved that the cause be dismissed upon the ground the court had no jurisdiction, as disclosed by the records and papers in the case, which motion was denied. Upon a trial to a jury he was again found guilty and sentenced to pay a fine of $50 and costs. From this conviction he prosecutes error to this court.

A reversal is sought upon three grounds, of which one

alone will be considered, namely, that the district court acquired no jurisdiction of the subject-matter by the attempted appeal.  It cannot escape notice that the instrument copied above is the usual form of a bond given for an appeal in civil actions as required by section 1007 of the Code of Civil Procedure.  The important inquiry is whether said undertaking was sufficient in substance to effect an appeal in this, a criminal case.

Section 324 of the Criminal Code relating to appeals from judgments of magistrates imposing fines and imprisonments, or both, provides: "No appeal shall be granted or proceedings stayed unless the appellant shall, within twenty-four hours after the rendition of such judgment, enter into a recognizance  *  *  *  conditioned for his appearance at the district court of the county at the next term thereof, to answer the complaint against him."  The undertaking in question does not meet the requirement of the said section of the Criminal Code, since it contains no provision making it the duty of the defendant to appear in the district court of Johnson county, at any time or for any purpose whatever.  Giving the language of the statute its plain and ordinary meaning, it is evident that the attempted appeal from the judgment of conviction rendered by the police magistrate was ineffectual to confer jurisdiction of the cause upon the district court.  The identical question was passed upon in *Pill v. State*, 43 Neb., 23, in which it was decided that a bond, substantially like the one before us, was absolutely void, in that it did not designate the court before which the prisoner was to appear, and conferred no jurisdiction upon the district court to try the cause.

It is contended by the attorney general that the defendant having presented the bond to the police judge and procured its approval, and thereby attained his liberty, he cannot be heard to question its sufficiency.  If this were an action upon the bond, perhaps the rule of estoppel might be important, but it certainly cannot be invoked here.  The question is one of jurisdiction of the subject-

matter, and the principle is as old as the law that it cannot be conferred by consent of parties. It may be raised at any time. The district court could acquire jurisdiction of the cause only in the mode pointed out by statute. Said section 324 is imperative that "no appeal shall be granted or proceeding stayed" unless the appellant shall give a recognizance conditioned in substantial compliance with the provision of the section. This bond having failed to specify the court where the accused was to appear, was invalid, and the district court should have entered a dismissal. The judgment of the district court is reversed and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.