WILLIAM WHETSTONE V. STATE OF NEBRASKA.

FILED FEBRUARY 15, 1923. No. 22865.

Bail: RECOGNIZANCE. For the purpose of an appeal by a defendant who has been convicted of a misdemeanor in a prosecution before a justice of the peace, a recognizance with one surety only does not comply with a statutory requirement for a recognizance "with sureties," and is fatally defective. Comp. St. 1922. sec. 9999.

ERROR to the district court for Brown county: ROBERT R. DICKSON, JUDGE. Affirmed.

John Wright, for plaintiff in error.

Clarence A. Davis, Attorney General, and John M. Cotton, contra.

Donald Gallagher, amicus curiæ.

Heard before MORRISSEY, C.J., ROSE, ALDRICH and GOOD, JJ., RAPER and TROUP, District Judges.

ROSE, J.

In a prosecution by the state before the justice of the peace for Pine precinct, Brown county, William Whetstone, defendant, was charged in three counts of an information with three separate violations of the law relating to intoxicating liquors. The offenses described were respectively possession, transportation, and giving away intoxicating liquors. Upon a trial defendant was convicted as charged and was sentenced to pay a fine of $100 for each of the three offenses. For the purposes of an appeal to the district court for Brown county, the justice of the peace took the recognizance of William Whetstone, defendant, in the sum of $1,000, with Allen E. Whetstone, as sole surety. The district court, holding that the law required more than one surety, dismissed the appeal. Defendant, as plaintiff in error, presents the record for review.

Was the appeal from the justice of the peace properly dismissed in the district court on the ground

that the statute requires more than one surety on the recognizance? The statute relating to appeals in prosecutions for minor offenses declares, among other things:

"No appeal shall be granted or proceedings stayed unless the appellant shall, within twenty-four hours after the rendition of such judgment, enter into a recognizance to the people of the state of Nebraska in a sum not less than one hundred dollars, and with sureties to be fixed and approved by the magistrate before whom said proceedings were had, conditioned for his appearance at the district court of the county at the next term thereof, to answer the complaint against him." Comp. St. 1922, sec. 9999.

These statutory provisions were considered in *Zobel v. State*, 72 Neb. 427, and it was therein said, referring to *Pill v. State*, 43 Neb. 23:

"The substance of the decision is to the effect that the provisions of the statute are mandatory and must be complied with in all material respects, otherwise the recognizance is fatally defective and confers no jurisdiction upon the district court. To the same effect is *Kazda v. State*, 52 Neb. 499. It would seem from a reading of said section of the Criminal Code respecting appeals in misdemeanor cases, that the entering into a recognizance by the defendant, and with sureties, to be fixed and approved by the court, is just as imperative as the provisions relating to the time the appeal must be taken, the time when the recognizance must be entered into, and the amount of the same."

It has generally been the practice, both under the common law and state statutes, to require more than one surety on a recognizance exacted as a condition of exercising the statutory right to appeal from the sentence of a magistrate in a prosecution for a misdemeanor. It was obviously the intention of the legislature in requiring "sureties" to adhere to the usual custom. While the right of appeal is recognized for the benefit of accused,

the purpose of the recognizance is the protection of the public. To make the appeal available, there must be a compliance with the statute. In the sense used the word "sureties" does not mean "surety," and the magistrate has no authority to release defendant from any part of his statutory obligation or to deprive the state of any protection exacted by the legislature. For the purpose of perfecting an appeal, this seems to be the view taken by the courts generally. It has been held that an appeal bond with one surety does not conform to a statutory provision for appeal bonds "with sufficient sureties," though another statute declares that "the singular always includes the plural and *vice versa*, except where such construction would be unreasonable." *Harris v. Regester & Sons*, 70 Md. 109. See, also, *State v. Fitch*, 30 Minn. 532; *Gibson v. Lynch*, 1 Murph. (N. Car.) 495; *Jones v. Sykes*, 1 Murph. (N. Car.) 281; *North American Coal Co. v. Dyett*, 4 Paige Ch. (N. Y.) 273; *White v. Rintoul*, 6 N. Y. Super. Ct. 259.

The conclusion is that the district court properly dismissed the appeal. In this view of the law, other questions argued are immaterial.

AFFIRMED.