JACK KILLIAN V. STATE OF NEBRASKA.

FILED OCTOBER 26, 1925. No. 24935.

1. Criminal Law: APPEAL. The provisions of section 1, ch. 113, Laws 1923, regulating appeals from an inferior court in misdemeanor cases are mandatory. One who has been convicted of a misdemeanor in an inferior court, in order to effect an appeal

to the district court must enter into a recognizance that complies substantially with all of the conditions of said section.

2. ———: ———: RECOGNIZANCE. A recognizance, given to effect an appeal by a defendant who has been convicted of a misdemeanor in the county court, and which is conditioned for his appearance at the district court on the first day of the next term, instead of forthwith, as the statute requires, is invalid and confers no jurisdiction on the district court.

ERROR to the district court for Colfax county: LOUIS LIGHTNER, JUDGE. *Affirmed.*

*Garlow & Long*, for plaintiff in error.

*O. S. Spillman, Attorney General*, and *Harry Silverman*, contra.

Heard before MORRISSEY, C. J., DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

GOOD, J.

Plaintiff in error (hereinafter referred to as defendant) was convicted in the county court of a statutory misdemeanor, and attempted to appeal to the district court, where the appeal, on motion of the state, was dismissed because the recognizance for the appeal was not in conformity with statutory requirements. Defendant brings the record to this court to review the judgment of dismissal.

Chapter 113, Laws 1923, regulates appeals from county courts in misdemeanor cases. Section 1 of that chapter provides, in substance, that no appeal shall be granted or proceedings stayed unless the appellant shall enter into a written recognizance, conditioned for his appearance forthwith, and without further notice, to the district court for such county, and from day to day thereafter until the final disposition of such appeal, to answer the complaint against him and to abide the judgment of the district court. The recognizance given in the instant case was conditioned for the appearance of defendant before the district court in and for Colfax county, on the first day of the next term

thereafter and from time to time and from term to term, as may be ordered by said court, until final determination of the aforesaid cause, and not depart the court without leave.

It will be observed that the recognizance is not strictly in accord with the requirements of the statute. Instead of requiring defendant to appear forthwith, it requires him to appear on the first day of the next term, and does not bind him to abide the judgment of the court, as provided by statute. Because of this departure from the statutory requirements, the state contends that the recognizance is void and conferred no jurisdiction on the district court, and that the appeal was properly dismissed.

Defendant contends that the recognizance, though defective in form, was sufficient to confer jurisdiction on the district court, and that his request for leave to file an amended and substituted recognizance, which would strictly conform to the requirements of the statute, should have been allowed. He further argues that the recognizance is sufficient if it appears from the tenor thereof at what court the defendant was bound to appear, and that the court or officer before whom it was taken had the power to require and take such recognizance. In support of his contention he cites section 10043, Comp. St. 1922, and *Shupe v. State*. 40 Neb. 524.

Section 10043, *supra*, provides: "No action brought on any recognizance shall be barred or defeated, nor shall judgment thereon be reversed, by reason of any neglect or omission to note or record the default, nor by reason of any defect in the form of the recognizance if it sufficiently appears from the tenor thereof at what court the party or witness was bound to appear and that the court or officer before whom it was taken was authorized by law to require and take such recognizance."

We think the purpose of the statute was to prevent a defense in an action on a recognizance when it had accomplished its purpose and the party giving it had received and enjoyed the benefits of the recognizance. It is in the nature

of an estoppel against setting up a defense to an instrument which the parties themselves have tendered as valid, and which has served the same purpose as though it had been in strict conformity with the statute.

In *Shupe v. State, supra,* the recognizance was signed by the parties, which was not required by the statute, and the court held that the signatures might be treated as surplusage. In the course of the opinion, language in the nature of dictum is used, which tends to support defendant's position. Defendant cites and relies on a number of cases dealing with appeal bonds in civil actions, but they are based on a different statute and have no application to the question under consideration. He also cites *Holmes v. State,* 17 Neb. 73. In that case the recognizance required defendant to appear on a day named, which was, in fact, the first day of the next term of the district court. The statute then in force provided that recognizances should require the defendant to appear on the first day of the next term. It was very properly held that the recognizance was a sufficient compliance with the statute then in force.

Section 1, ch. 113, Laws 1923, is mandatory in its terms and is but an amendment of section 9999, Comp. St. 1922, which has been frequently held by this court to be mandatory. In construing section 9999, this court has held that a defendant in a misdemeanor case, desiring to appeal from an inferior court to the district court, must substantially comply with the statute in order to give the latter court jurisdiction. *Pill v. State,* 43 Neb. 23; *Kazda v. State,* 52 Neb. 499; *Zobel v. State,* 72 Neb. 427; *Whetstone v. State,* 109 Neb. 655.

In *Zobel v. State, supra,* the recognizance was in the form required by statute, except that it was executed by defendant without a surety. It was there held that the recognizance was insufficient to give the court jurisdiction. In the course of the opinion it was said:

"The provisions relating to appeals in misdemeanor cases are doubtless for the benefit and advantage of those convicted of offenses of a minor character and, in order to

perfect a valid appeal as contemplated by statute, there must be a compliance in all substantial particulars with the conditions upon which the right of appeal may be exercised. * * * The holdings of the courts and in this jurisdiction especially are to the effect that such provisions are mandatory, and a failure to follow them in any material respect forfeits one's right to an appeal which, otherwise, he is entitled to. * * * If one of the provisions may be departed from or ignored, then why not either of the others?"

In *Whetstone v. State, supra,* a recognizance was given, in form complying with the statute, but with only one surety, while the statute required "sureties." It was there held that the recognizance was fatally defective and that no jurisdiction was conferred on the district court.

In the instant case the recognizance departs from the requirements of the statute, in that it required defendant to appear on the first day of the next term, instead of "forthwith." In amending section 9999, Comp. St. 1922, changing the time for appearance from the first day of the next term to "forthwith," the legislature doubtless had in mind that in many of the counties of the state but two terms of court are held in a year, and that a defendant under the old statute might take his appeal in January and not be required to appear in court to answer the charge against him until the next September. It therefore changed the statute, requiring that the recognizance should be to appear forthwith, so that such delays might not occur in the enforcement of the law. It is argued that to appear on the first day of the next term is a substantial compliance with the statute, but if the statute may be departed from to the extent of requiring the defendant to appear on the first day of the next term, why not on the first day of the second or third term? If such a recognizance were given and the defendant secure his liberty thereon, and if held valid when attacked, it would mean that a defendant in a minor criminal action could unduly delay and prolong the time when his appeal might be heard in the district court.

The ruling of the trial court in dismissing the appeal is

in strict accord with the rule heretofore established and long followed in this court. The judgment of the district court is

AFFIRMED.

Note—See Criminal Law, 16 C. J. sec. 678.