MAX M. OPPFELT V. STATE OF NEBRASKA.

FILED NOVEMBER 7, 1928. No. 26574.

*A. P. Sprague*, for plaintiff in error.

*O. S. Spillman, Attorney General*, and *Donald Gallagher*, contra.

Heard before GOSS, C. J., ROSE, GOOD, THOMPSON and EBERLY, JJ., and REDICK and STALMASTER, District Judges.

PER CURIAM.

Plaintiff in error was convicted in the county court of a violation of the liquor statute. He attempted to appeal to the district court and gave a recognizance, conditioned to appear "at the next term of the district court," but the recognizance did not require him to abide the judgment of the district court and not depart therefrom without leave, as required by chapter 113, Laws 1923. The dis-

trict court dismissed the appeal because of the insufficiency of the recognizance, and defendant brings error to this court.

The record brings the case within the rule announced in *Killian v. State,* 114 Neb. 4, as follows: "A recognizance, given to effect an appeal by a defendant who has been convicted of a misdemeanor in the county court, and which is conditioned for his appearance at the district court on the first day of the next term, instead of forthwith, as the statute requires, is invalid and confers no jurisdiction on the district court."

Counsel for plaintiff in error rely upon *Abbott v. State, ante,* p. 350, wherein it was held: "Where a defendant in a criminal case gave an appeal bond conditioned for his appearance on the first day of the next term of the district court instead of forthwith, but the first day of the next term was the first day upon which the district court sat, and was the first opportunity given defendant for such appearance, and he did appear upon said date without objection being made thereto until after seven terms of court had intervened, *held,* upon objection made to jurisdiction of district court on the ground of invalidity of the bond, that said bond was a substantial compliance with the requirements of section 9999, Comp. St. 1922, as amended by chapter 113, Laws 1923."

The record does not show that the instant case comes within the rule above announced. There the recognizance was conditioned for defendant's appearance on the first day of the next term of the district court, which was, in fact, the first day on which he could appear. It was therefore equivalent to requiring him to appear "forthwith." In the present case, the recognizance was not for appearance on the first day of the next term of court, but for his appearance *at the next term,* which might be at any time during the term. Moreover, he failed to comply with the statute requiring him to abide the judgment of the district court and not depart therefrom without leave, as required by chapter 113, Laws 1923.

The district court did not err in dismissing the appeal. The judgment is

AFFIRMED.