ARTHUR LINDLEY V. STATE OF NEBRASKA.

FILED NOVEMBER 10, 1928. No. 26444.

*H. A. Bryant*, for plaintiff in error.

*O. S. Spillman, Attorney General*, and *Harry Silverman*, contra.

Heard before GOSS, C. J., THOMPSON and EBERLY, JJ., and REDICK and STALMASTER, District Judges.

THOMPSON, J.

Plaintiff in error, Arthur Lindley, hereinafter designated

as defendant, was prosecuted and convicted for violations of the liquor law. The action was instituted on complaint of the county attorney of Saunders county in the justice court of H. Reader, and change of venue taken to the justice court of H. J. Woodworth, where trial was had and defendant found guilty on each of the three counts charged in the complaint, to wit: (a) The unlawful transportation of intoxicating liquor for the purpose of sale; (b) the unlawful sale of intoxicating liquor; and (c) the unlawful possession of intoxicating liquor, as a second offense. Appeal was taken to the district court, where defendant appeared in open court, waived the reading of the complaint, and pleaded not guilty to each count. Trial was had and defendant again convicted, and he prosecutes error to this court.

We will first consider claimed errors of law occurring in the trial of the case in the district court. The record discloses that the original complaint was not before such court, or at the command of either party for the purpose of the trial. This fact was discovered before the impaneling of the jury, and the following objection was interposed on the part of defendant: "At this time, and before the calling of the jury, the defendant objects to any further proceedings herein for the reason there is no complaint or information filed in this court against the defendant." The objection was overruled, and defendant compelled to proceed to trial on a purported copy of a complaint, which copy formed a part of the justice's transcript.

Ordinarily, a plea of not guilty waives all matters which might have been raised by motion to quash or plea in abatement, and before the defendant can urge such a motion or plea he must withdraw his plea of not guilty, as held by us in *Green v. State*, 116 Neb. 635, wherein will be found the statute there applicable, as well as our previous holdings on the subject. In those cases there was a complaint or information on file, and thus an issue was joined by reason of the interposition of the plea of not guilty. Not so in this case; the record being without a complaint and the plea

of not guilty having been, as we find, inadvertently lodged, no issue was raised by reason thereof. Such plea was without force or effect, and withdrawal thereof was unnecessary.

This brings us to the challenge, did the trial court commit reversible error in forcing the defendant to trial on the record as it then stood? Section 9999, Comp. St. 1922 (being section 324 of the Criminal Code, Gen. St. 1873), as amended by chapter 113, Laws 1923, provides the manner in which such appeals may be taken, and is, so far as here material, in substance, that the recognizance must be entered into within ten days after the rendition of such judgment, which recognizance must be conditioned for defendant's appearance forthwith, at the district court of the county, and from day to day thereafter to answer the complaint against him. The magistrate from whose judgment the appeal is taken shall make return of the proceedings had before him, and shall certify the complaint and the warrant together with the recognizance to the district court. Section 10001, Comp. St. 1922 (being section 325 of the Criminal Code, Gen. St. 1873), provides: "The district court shall hear and determine any cause brought by appeal from a magistrate upon the original complaint, unless such complaint shall be found insufficient or defective, in which event the court, at any stage of the proceedings, shall order a new complaint to be filed therein, and the case shall proceed thereon the same as if the original complaint had not been set aside." We have repeatedly held that the statutes governing such appeals were mandatory, and thus as to the rights of appeal on the part of the defendant they should be strictly construed. Thus, where the statute provides that a recognizance shall be entered into by sureties, if only one is provided the appeal must be dismissed. *Whetstone v. State,* 109 Neb. 655, and cases cited. In *Kazda v. State,* 52 Neb. 499, we held a recognizance invalid which failed to designate the court before which the defendant is to appear. In the case of *In re Newton,* 39 Neb. 757, under section 324 of the Criminal Code, herein-

before referred to, we held the recognizance must be entered into within 24 hours after rendition of judgment.

Applying these holdings to the case at bar, we have seen the law requires that the recognizance shall provide for defendant's appearance in the district court to answer the complaint; that is, the original complaint. However, as we view this record, our holding in *Bays v. State*, 6 Neb. 167, is controlling. In that case the facts were very similar to those involved here. The original complaint was lost. The prosecuting attorney made this manifest to the court, and on motion filed asked leave to file a substituted complaint charging the same offense as that designated in the original, and, over objections of the defendant, was permitted to do so. The case proceeded to trial and judgment. Defendant prosecuted error, and in the course of our opinion we said: "We think our statute, although it does not in direct terms provide for this particular contingency, clearly recognizes the practice here adopted" (quoting section 325 of the Criminal Code, now section 10001, Comp. St. 1922). Then, we further said in such *Bays* case: "It is evident that, under this provision, no matter how utterly deficient the complaint sent up by a magistrate may be, even if totally wanting in the essential requisites to show the offense intended to be charged, the prosecution will not be thwarted, but 'the court shall order a new complaint to be filed,' upon which the trial must proceed. This section establishes a positive rule of practice by which the courts are of course bound whenever the original complaint is found to be defective. And it does more than this; it furnishes a safe guide to the courts in matters of practice whenever a contingency shall arise, which, although not within the letter, is clearly within the spirit of the statute. In the practice of the courts contingencies not unfrequently arise which the legislature has not anticipated by any suitable provision. These must be met by some general or special rule of court suited to the exigency, and which shall protect suitors in all their legal rights. It seems to us that there is quite as much neces-

sity and reason for the substitution of a new complaint when the original is *lost* as there is when found to be merely defective in form or in substance."

The rule as thus announced is plain, practical, and efficient, and is adhered to.

It is therefore determined by us that the objection to the court proceeding with the trial without the original complaint, or a heretofore indicated substitute thereof before it, was proper, timely interposed, and should have been sustained; and in overruling such objection prejudical error was committed.

The challenge that the verdict does not respond to the issues need not be given consideration, further than to suggest that the form of such verdict is one not to be commended.

This renders it unnecessary to consider the other claimed errors presented.

The judgment of the trial court is reversed and the cause remanded for further proceedings, with leave given the state to produce the original complaint if it can be found; if not, to prepare and file a new complaint covering the same offense.

REVERSED.