IVAN WILCOX V. STATE OF NEBRASKA.

FILED FEBRUARY 21, 1930.  NO. 27207.

*Perry, Van Pelt & Marti* and *Pierce & Simmons,* for plaintiff in error.

*C. A. Sorensen, Attorney General,* and *Clifford L. Rein, contra.*

Heard before GOSS, C. J., ROSE, GOOD, THOMPSON, EBERLY and DAY, JJ., and LANDIS, District Judge.

LANDIS, District Judge.

Plaintiff in error here, defendant below, was convicted in the county court of a statutory misdemeanor, and at-

tempted to appeal to the district court, where the appeal, on motion of the state, was dismissed because the recognizance for the appeal was not in conformity with statutory requirements.

The recognizance for the appeal was given and approved April 3, 1929, and conditioned that the defendant appear before the district court on the 18th day of November, 1929, and from time to time, term to term, and not depart the court without leave. On April 3, one of the days of the March, 1929, term thereof, the district court was in session. The next session of the district court was when the May, 1929, term convened on May 27. November 18, 1929, was the first day of an announced November, 1929, jury term, being the next succeeding term after the May, 1929, term of the court.

Chapter 113, Laws 1923, regulates appeals from county courts in misdemeanor cases. Section 1 of that chapter provides, in substance, that no appeal shall be granted unless appellant shall enter into a written recognizance, conditioned for his appearance forthwith, and without further notice, to the district court, and from day to day thereafter, until the final disposition of such appeal, to answer the complaint against him and to abide the judgment of the district court.

The recognizance given in the instant case is not strictly in accord with the requirements of the statute. Instead of requiring defendant to appear forthwith, it requires him to appear November 18, 1929, which, considering the March and May terms of the district court, would be the first day of the third term after the rendition of the judgment on April 3, 1929. The recognizance does not require defendant to appear from day to day, and fails to bind him to abide the judgment of the district court.

Defendant contends that the day named in his recognizance is the same as "forthwith." This is based on the fact that no jury term of court had been announced by the district judge, other than the term beginning November 18, 1929, at the time the recognizance was executed. The fact

that a jury would be called for the November, 1929, term of the district court did not mean that there would be no jury called for the May, 1929, term, or even after the jury was discharged for the March, 1929, term on April 2, 1929, as the record herein shows, that one would not be called for the last period of such term.

On the first day of January of each year the judges of the district court fix the time for holding terms of court in the counties comprising their respective districts during the ensuing year, as provided in section 1085, Comp. St. 1922, but there is no requirement that the jury terms should then be fixed finally and absolutely. The court could have ordered a jury, if necessary or expedient to try the defendant at a later period in March, 1929, or in May, 1929, terms. Laws 1925, ch. 70. It is for the court to determine the matter of calling the jury, and for the defendant to appear "forthwith." It is obvious that the day selected by the defendant in his recognizance under this record is not the same as "forthwith."

The instant recognizance did not comply substantially with the statutory requirements, is invalid, conferred no jurisdiction on the district court, and is ruled by the decisions of this court in *Killian v. State,* 114 Neb. 4, and *Oppfelt v. State,* 117 Neb. 549.

Counsel for plaintiff in error rely upon *Abbott v. State,* 117 Neb. 350. This case announces the rule that the word "forthwith," as used in the statute relating to the appearance of a defendant in a criminal case in the district court, means the first opportunity offered defendant, after appeal is perfected, to appear when said court is in session. There the recognizance was conditioned for defendant's appearance on the first day of the next jury term of the district court, which was, in fact, the first day when that court held a session at which he could appear. It was, therefore, equivalent to requiring him to appear forthwith.

In the instant case, the recognizance was for the appearance on November 18, 1929, after two sessions of the district court in two different terms at which defendant could

have appeared. Clearly *Abbott v. State,* *supra,* is not in point. Moreover, plaintiff in error failed to comply with the statute requiring him to appear from day to day and abide the judgment of the district court.

On May 27, 1929, the district court dismissed the appeal. On August 27, 1929, error proceedings were filed in this court. By supplemental transcript plaintiff in error shows that the county attorney appeared before the district judge and sought to have the bond involved herein forfeited on the ground that the defendant did not appear for trial on November 18, 1929.

Plaintiff in error claims that the county attorney by asking a forfeiture of the bond has recognized its validity and that the state is now estopped to deny the same. This contention of plaintiff in error is not tenable, because he has not changed his position or condition by reason of the action of the county attorney and has not been prejudiced thereby. Neither could the act of the county attorney in seeking a forfeiture of the bond operate to confer jurisdiction on the court to determine the appeal on its merits. The district court did not err in dismissing the appeal. The judgment is

AFFIRMED.