278

## ED MURRAY V. STATE OF NEBRASKA.

FILED MAY 22, 1931. No. 27831.

*A. L. Tidd* and *W. G. Kieck,* for plaintiff in error.

*C. A. Sorensen, Attorney General,* and *George W. Ayres, contra.*

Heard before ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ., and HORTH, District Judge.

PAINE, J.

The plaintiff in error, styled hereafter as the defendant, was convicted in the county court of Cass county upon a charge of assault and battery, and he was sentenced to pay a fine of $100 and costs.

Upon the same day that sentence was rendered, which was September 9, 1930, he appeared in the county court and filed an appeal bond, which was in substance a recognizance, although it is signed by defendant with his wife as surety. The condition of this recognizance or appeal bond is "that if the said Ed Murray shall personally appear forthwith and without further notice at the district court of said Cass county, state of Nebraska, on the 24th day of November, 1930, and from day to day thereafter until the final disposition of such appeal to answer the complaint against him, and to abide the judgment of the district court, and not depart therefrom without leave until the final determination of the aforesaid cause," etc.

The transcript from the county court was filed in the district court for Cass county on December 1, 1930.

On the same day the county attorney filed a motion in district court to dismiss the appeal for the reason that the bond given for an appeal was insufficient and not perfected according to law and that the court was without jurisdiction. This motion was sustained by the court on the same day on the ground that no legal bond had been filed.

The next day the defendant filed motion for a new trial. On January 3, 1931, upon motion of the county attorney filed December 31, 1930, the motion for a new trial was stricken from the files because no trial at all had been had in the district court.

From the rulings of the trial court dismissing the appeal and overruling the motion for a new trial, the defendant has appealed to this court.

Section 29-611, Comp. St. 1929, provides that in such cases the defendant shall, within ten days after the rendition of such judgment, appear before such magistrate and enter into a written recognizance, as therein provided, conditioned "for his appearance, forthwith and without further notice, * * * from day to day thereafter until the final disposition of such appeal," etc.

This court held in *Killian v. State*, 114 Neb. 4, in a very similar case, that a recognizance given by one convicted of a misdemeanor must require his appearance "forthwith" as required by the statute above cited. In that opinion the authorities are reviewed and discussed.

The defendant relies in the main upon *Abbott v. State*, 117 Neb. 350, in which it was held that a bond was good which required the appearance of defendant on the first day of the next term of court, which was, in fact, the first day of court held thereafter in the district court, and that no objection had been made thereto until after seven terms of court had intervened.

In the case at bar it appears that the district court was in session on November 19 and defendant did not appear, nor did he appear on the date fixed in the bond, to wit, November 24, nor until December 1, when the motion to

dismiss was sustained, so the case is not to be governed by the case of *Abbott v. State, supra*.

This court has decided the identical question in *Oppfelt v. State,* 117 Neb. 549, and in *Wilcox v. State,* 119 Neb. 422.

The district court did not err in its rulings and the judgment is

AFFIRMED.