## SCOTT BRAINARD V. STATE OF NEBRASKA.

FILED OCTOBER 19, 1934.  No. 29078.

*J. L. McPheely* and *J. H. Robb,* for plaintiff in error.

*Paul F. Good, Attorney General,* and *Paul P. Chaney, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and LIVINGSTON, District Judge.

LIVINGSTON, District Judge.

This is an error proceeding from Kearney county. On August 13, 1933, the county attorney of Kearney county filed a complaint in the county court of said county against the plaintiff in error, Scott Brainard, who for convenience hereafter will be referred to as the defendant, charging him with the offense of intoxication, second offense, and with the unlawful operation of a motor vehicle on a public highway while in a state of intoxication. The defendant was convicted in the county court and was sentenced to 30 days on each of said counts; said sentences to run concurrently, and deprived of his right to operate a motor vehicle on the public highways of the state of Nebraska for one year from the date of said judgment.

An appeal was taken from the said judgment and sentence to the district court for Kearney county; bond was fixed in the sum of $300, and the clerk of the county

court furnished the defendant with a form of bond which form is here complained of as being insufficient.

The appeal in the district court was attacked by the county attorney by motion on the ground that no appeal bond or recognizance was given, and specified alleged omissions making said bond or recognizance wholly void. These particulars are as follows: "(a) It is not conditioned for the defendant's appearance 'forthwith.' (b) It is not conditioned for his appearance 'without further notice.' (c) That it is not conditioned for his appearance 'from day to day.' (d) That it is not conditioned for his appearance 'until the final disposition of such appeal.' (e) That it does not require the defendant 'to abide the judgment of the district court.' " See section 29-611, Comp. St. 1929.

Upon submission of this motion the same was sustained by the district court for said county, and an appeal prosecuted to this court.

It appears conclusively that the bond given by the defendant does not comply with the requirement of the statute and is void.

This section of the statute has been before this court on several occasions and the uniform holding has been that all of its terms must be complied with. *Murray v. State,* 121 Neb. 278; *Killian v. State,* 114 Neb. 4; *Oppfelt v. State,* 117 Neb. 549.

It therefore appears that the lower court committed no error, and its judgment is therefore

AFFIRMED.