IN RE ESTATE OF ANNIE KOTHE.*
MARIE GONSCHIOR, APPELLEE, V. HENRY DREWES, SR., ET
AL., ADMINISTRATORS, APPELLANTS.

FILED JULY 14, 1936.   No. 29696.

---
*Opinion withdrawn.  See opinion p. 780, *post.*

*Rain & Rain, L. R. Doyle* and *Frank L. Rain,* for appellants.

*John C. Hartigan, H. C. Schoening* and *Henry J. Beal,.* contra.

Heard before GOSS, C. J., GOOD, DAY, PAINE and CARTER,. JJ., and BLACKLEDGE and LANDIS, District Judges.

LANDIS, District Judge.

Marie Gonschior, heir at law, appealed to the district court from a decree by the county court on the accounts of the administrators of the estate of Annie Kothe, deceased. The administrators appeal to this court from a denial by the district court to nonsuit the appellee heir at law herein because of defective appeal bond and failure of filing pleadings making issues on appeal.

The bond furnished by appellee herein to perfect the appeal from the county court to the district court is defective in the following particulars: No formal approval appears to have been made of the bond by the county judge;. only one surety was offered; the single surety was an attorney of record; and no affidavit of qualification and justification of the surety was given.

The defective appeal bond was brought to the attention. of the counsel for the appellee and the trial court first by motion for nonsuit, assigning as one of the reasons "that.. the bond does not conform to the requirements of the statute." The attorney who was surety on the bond then asked leave to withdraw objections to administrators' report. Motion for nonsuit was renewed. Then motion to dismiss was made "for the reason the bond now on file does. not conform to the requirements of the statutes, as there: is only one surety and no justification for any surety."

When the first witness was called, objection to the taking of any testimony in the action was offered on the grounds that no issues were made up in the action, that the bond did not meet the requirements of the statutes in that there was only one surety, no justification of that surety, and the surety was an attorney of record and in fact. At the end of the testimony the motion to dismiss was again made, one of the grounds of which was that there was only a single surety to the appeal bond. All of the motions for nonsuit and dismissal were overruled.

Section 12-114, Comp. St. 1929, provides: "No practicing attorney shall be taken as surety on any official bond, or bond in any legal proceedings in the district in which he may reside."

A practicing attorney should not sign a bond in a legal proceeding as surety. Such a bond should not be approved, but if approved the attorney is estopped from alleging its invalidity and it may be enforced against him. *Tessier v. Crowley,* 17 Neb. 207, 22 N. W. 422. Section 12-114, *supra,* is based upon considerations of sound public policy. The assuming of personal liability by an attorney for his client is properly prohibited. The historical background, sound ethics, and the well-settled rule both in England and this country challenge an attorney never to place himself in an attitude of encouraging litigation. Obedience to law is an attribute of ideal citizenship. The orderly administration of justice is severely handicapped when an attorney who takes an oath on admission as practitioner and court officer disobeys the plain mandate of the statute.

Sections 20-2223 and 20-2224, Comp. St. 1929, provide for affidavit of qualifications and justification of sureties to undertakings, bonds and recognizances provided by the statutes. Section 9522, Comp. St. 1922, declared that county judges "shall have the right to require the person offered as surety to make an affidavit of his qualifications." In 1923 the legislature amended section 9522 and passed House Roll No. 364 (Laws 1923, ch. 112), providing that county judges "shall require the person offered as surety to make

an affidavit of his qualifications." In 1927 (Laws 1927, ch. 68), section 9522, as amended, was repealed, and section 20-2223 was enacted into law and again provided that county judges "shall require the person offered as surety to make an affidavit of his qualifications."

It must be presumed that the law-making body of the state meant what was enacted when it repealed what was a permissive requirement, "shall have the right to require," and twice making a mandatory direction, "shall require." A county judge would be justified in withholding approval of a bond if the requirement was not complied with. But, if approved without the justification affidavit, the surety would be estopped from alleging its invalidity and the bond liable to enforcement.

Article 16, ch. 30, Comp. St. 1929 (sec. 30-1601 *et seq.*) provides for appeals in probate matters. Section 30-1603 thereof provides: "Every party so appealing shall give bond in such sum as the court shall direct, with two or more good and sufficient sureties, to be approved by the court."

Section 9999, Comp. St. 1922, before 1923 required for appeal a recognizance "with sureties," and it was held in construing this section in *Whetstone v. State,* 109 Neb. 655, 192 N. W. 124: "For the purpose of an appeal by a defendant who has been convicted of a misdemeanor in a prosecution before a justice of the peace, a recognizance with one surety only does not comply with a statutory requirement for a recognizance 'with sureties,' and is fatally defective."

For the purpose of perfecting an appeal, this seems to be the view taken by the courts generally. In *Whetstone v. State, supra,* there is cited *Harris v. Regester & Sons,* 70 Md. 109, 16 Atl. 386; *State v. Fitch,* 30 Minn. 532, 16 N. W. 411; *Gibson v. Lynch,* 1 Murph. (N. Car.) 495; *Jones v. Sykes,* 1 Murph. (N. Car.) 281; *North American Coal Co. v. Dyett,* 4 Paige Ch. (N. Y.) 273; *White v. Rintoul,* 6 N. Y. Super. Ct. 259, as sustaining authority.

In *Killian v. State,* 114 Neb. 4, 205 N. W. 575, wherein section 29-611, Comp. St. 1929, was considered, it was held that the provisions of this section regulating appeals from

an inferior court in misdemeanor cases were mandatory. There the recognizance was conditioned for the appearance of the defendant at the district court on the first day of the next term, instead of "forthwith," as the statute requires. It was held that the district court acquired no jurisdiction.

The holdings of the courts, and in this jurisdiction especially, are to the effect that appeal provisions are mandatory, and a failure to follow them in any material respect forfeits one's right to appeal, which otherwise entitled to. *In re Newton*, 39 Neb. 757, 58 N. W. 436; *Zobel v. State*, 72 Neb. 427, 100 N. W. 947; *Oppfelt v. State*, 117 Neb. 549, 221 N. W. 708; *Brainard v. State*, 127 Neb. 723, 256 N. W. 874.

At common law a recognizance was entered into by the obligor and his sureties personally appearing in court and orally entering into the obligation. In this state the distinction between a recognizance and a bond has largely been lost in actual practice and it has been customary for many years to use a written one. This has been recognized in the present statute which provides for a written recognizance. Reasonably there seems no distinction between a civil appeal bond and a written recognizance as to requiring each to conform substantially to the statute which grants the right of appeal and holding mandatory the requirements of such statutes.

The constitutional provision (article I, sec. 24) which declares "the right to be heard in all civil cases" does not prohibit the legislature from prescribing reasonable rules and regulations for the review of a cause by appeal, such as requiring a bond to be given. *In re Estate of Mathews*, 125 Neb. 737, 252 N. W. 210.

In *Casey v. Peebles*, 13 Neb. 7, 12 N. W. 840, wherein an appeal to the district court was taken from disallowance of a claim against an estate in the county court, this court announced in the syllabus: "Where the statute requires two sureties upon a bond for an appeal, and a bond containing but one is duly approved, it is not void, but may be amended.

And it will be sufficient unless objected to on the ground that it is signed by but one surety." This case does not help us because there was no objection made therein upon the ground of a single surety to the bond, and in the instant case there was such a specific objection. Likewise, in *Bazzo v. Wallace,* 16 Neb. 293, 20 N. W. 314, the objection to the appeal bond was too general to raise the defect. Both *Casey v. Peebles, supra,* and *Bazzo v. Wallace, supra,* are only authority in this case on the power of the trial court to permit appellees herein, should it have been requested therein, to amend the defective appeal bond or give a new one. *In re Estate of Hoagland,* 128 Neb. 219, 258 N. W. 538.

The record shows that the county judge did not indorse upon the defective appeal bond his formal approval thereof, as required by statute, but marked it, "Filed Dec. 10, 1934, E. R. Bee, county judge." It is part of the transcript under certification. This is all that appears in the record as to approval of the defective appeal bond by the county judge. Appellee cites the rule announced in *Asch v. Wiley,* 16 Neb. 41, 20 N. W. 21: "Where an appeal is sought to be taken from the judgment of a county judge, and appellant files his appeal bond in the proper amount, with two sureties, within the time required by law, the acceptance of such bond by the county judge and spreading it upon the docket is a sufficient approval of the bond, unless the party desiring to take the appeal is notified of the fact that the county judge refuses to approve the bond and sureties."

In effect appellee claims an approval by legal inference. It would seem that there is here the equal inference that this bond was not approved because legally defective. The legal inference of approval ought to be limited to an appeal bond which conforms to the statute. Appellants did not bring the question of approval to the trial court by specific objection but only under a general one, and our court has repeatedly held such is insufficient. Among the earlier cases announcing this is *Bazzo v. Wallace, supra,* and later reannounced many times.

The serious question is the sufficiency of the appeal bond.

It is obviously defective, fails to conform substantially with the statute, all of which was repeatedly brought to the attention of the trial court and counsel for the appellee and no attempt was made in the district court to amend the bond or give a new one.

The seasoned counsel for the appellee consistently refused to amend the bond and, though repeatedly enlightened as to the defects, decided evidently to stand upon this fatally defective appeal bond. To confer jurisdiction upon the appellate court there must be an appeal bond which substantially conforms to the statute. We must hold, under the circumstances of this case, that the appeal bond is fatally defective, confers no jurisdiction in appeal, and that the various motions for nonsuit and dismissal made by the appellants below in the trial court should have been sustained.

While it is not necessary to determine the effect of trying this case below, without framing issues by pleadings, it should be noted that this court announced the rule in *Weideman v. Estate of Peterson*, 129 Neb. 74, 261 N. W. 150, that statutory changes by legislative enactment have abrogated the previous rule that new pleadings in estate appeals need not be filed unless directed by the court.

REVERSED AND DISMISSED.